FRANCIS J. TORRENCE (SBN. 154653)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants
ANDREW B. STROUD, an individual
and STROUD PRODUCTIONS AND
ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANDREW B. STROUD, an individual<br>and STROUD PRODUCTIONS AND<br>ENTERPRISES, INC.<br><br>    Defendants. | Case No.: 08-CV-02348-VRW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Come now Defendants Andrew B. Stroud and Stroud Production & Enterprises, Inc., ("defendants") and answer the Complaint ("Complaint") filed by plaintiff Steven Ames Brown ("plaintiff") in this action as follows:

**DECLARATORY RELIEF**

1.   Answering the allegations of paragraph 1 of the Complaint, defendants admit that Stroud is a citizen of New York. Defendants also admit that, while it was in existence, defendant Stroud Productions & Enterprises, Inc. was a citizen of New York, but was dissolved in 1981. Defendants deny that this Court has personal jurisdiction over the defendants. Defendants further deny that this Court is the proper venue. Defendants deny the remaining allegations.

2.   Answering the allegations of paragraph 2 of the Complaint, defendants deny that this action arose in the City and County of San Francisco.

1

3. Answering the allegations of paragraph 3 of the Complaint, defendants are informed and believe and on that basis admit that plaintiff was an attorney. Defendants did not participate in the "Prior Actions" referred to in paragraph 3, and therefore are without, sufficient information or belief to answer the remaining allegations, and based thereon, deny said allegations.

4. Answering the allegations of paragraph 4 of the Complaint, defendants are without sufficient information or belief to answer said allegations, and based thereon, deny said allegations.

5. Answering the allegations of paragraph 5 of the Complaint, defendants are without sufficient information or belief to answer said allegations, and based thereon, deny said allegations.

6. Answering the allegations of paragraph 6 of the Complaint, defendants deny said allegations.

7. Answering the allegations of paragraph 7 of the Complaint, defendants admit that defendant Andrew Stroud asserts exclusive ownership of certain master recordings. Due to the lack of specificity in the Complaint's allegations, defendants therefore are without sufficient information or belief to answer the remaining allegations, and based thereon, deny said allegations.

8. Answering the allegations of paragraph 8 of the Complaint, defendants admit that the dispute between the parties regarding the master recordings should be resolved, but deny that this Court should be the forum for such resolution. Defendants deny the remaining allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9. As a first affirmative defense, defendants allege that plaintiff's Complaint fails to state facts sufficient to constitute a claim for relief against any of the defendants.

### SECOND AFFIRMATIVE DEFENSE

10. As a second affirmative defense, defendants allege that plaintiff's Complaint should be dismissed because this Court does not have personal jurisdiction over any of the defendants.

### THIRD AFFIRMATIVE DEFENSE

11. As a third affirmative defense, defendants allege that plaintiff's Complaint should be dismissed because this Court is not the proper venue for this action.

## FOURTH AFFIRMATIVE DEFENSE

12. As a fourth affirmative defense, defendants allege that plaintiff has failed to join all necessary parties.

## FIFTH AFFIRMATIVE DEFENSE

13. As a fifth affirmative defense, defendants allege that plaintiff's Complaint should be dismissed or stayed because there are other actions between these parties already filed in other courts, and therefore this Court should abstain from resolving the present dispute.

## SIXTH AFFIRMATIVE DEFENSE

14. As a sixth affirmative defense, defendants allege that plaintiff is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against defendants.

## SEVENTH AFFIRMATIVE DEFENSE

15. As a seventh affirmative defense, defendants allege that this case should be dismissed because there are more appropriate and convenient forums for the litigation.

## EIGHTH AFFIRMATIVE DEFENSE

16. As an eighth affirmative defense, defendants allege that plaintiff has not sustained any harm or damages due to the acts of the defendants.

## NINTH AFFIRMATIVE DEFENSE

17. As a ninth affirmative defense, defendants allege that plaintiff does not own any of the rights asserted in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

18. As a tenth affirmative defense, defendants allege that plaintiff's claims for relief are barred by the principle of unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

19. As a eleventh affirmative defense, defendants allege that plaintiff's complaint is barred by the applicable statutes of limitations.

///

## TWELFTH AFFIRMATIVE DEFENSE

21. As a twelfth affirmative defense, defendant alleges that plaintiff, by virtue of the legal doctrines of waiver and laches is estopped from pursuing this claims alleged against defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. As a thirteenth affirmative defense, defendants reserves their right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray for judgment to be determined by the Court in its favor as follows:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. That defendants be awarded their costs and expenses incurred in this action;
3. That defendants be awarded their attorneys' fees incurred in this action; and
4. That defendants recover such other and further relief as the Court may deem just and proper.

Dated: June 5, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Francis J. Torrence
Attorneys for Defendant
ANDREW B. STROUD