FRANCIS J. TORRENCE (SBN. 154653)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
ANDREW B. STROUD, an individual
and STROUD PRODUCTIONS AND
ENTERPRISES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, | Case No.: 08-CV-02348-VRW |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF A MOTION TO DISMISS PURSUANT TO RULE 12(b)** |
| vs. | |
| ANDREW B. STROUD, an individual and STROUD PRODUCTIONS AND ENTERPRISES, INC., | Date:       June 10, 2008 |
| Defendants. | Time:       2:30 p.m. |
| | Courtroom:  6 |

Honorable Vaughn R. Walker

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants ANDREW B. STROUD and STROUD PRODUCTION & ENTERPRISES, INC., (hereafter, "Stroud" or "defendants" as appropriate) respectfully move this Court to dismiss them from the present action.  Primarily, the motion for dismissal is brought on the grounds that this Court lacks personal jurisdiction over the defendants.  As conceded by the Complaint, defendants are citizens of New York.  Further, as will be shown below, the defendants have no contacts with California.  In fact, it would seem that plaintiff failed to comply with Rule 11's fundamental requirements before bringing the present suit against these defendants before this Court in this State.  (Plaintiff's counsel is obligated to make a reasonable inquiry whether jurisdictional allegations are well grounded in fact and warranted by existing law.  See, *Davis v. McGraw*, 1992

1

1 | U.S. Dist. LEXIS 10737, 5-7 (N.D. Cal. 1992).).

2 |       Additionally, consistent with the lack of personal jurisdiction, defendants assert that this

3 | Court is the improper venue for the action.[1]

4 |       As set forth in plaintiff's exceedingly short Complaint, this action concerns the ownership

5 | interest of sound recordings by the artist known as Nina Simone.  Plaintiff Steven Ames Brown

6 | ("Brown" or "plaintiff" as appropriate) brought the action in federal court based upon diversity

7 | jurisdiction.  However, plaintiff should never have brought this Complaint in this Court because

8 | there is a complete absence of the requisite personal jurisdiction over the defendants.  As such, this

9 | Court is without the necessary power to adjudicate the matter.

10 |       As set forth herein and in the accompanying Declaration of Andrew B. Stroud, no

11 | relationship exists between the Defendants and the forum state of California.  The facts demonstrate

12 | that the defendants lack the minimum contacts to meet due process requirements and therefore the

13 | Court has no jurisdiction over them in the State of California.  As set forth below, because this

14 | Court lacks the ability to exercise either general or specific jurisdiction over the Defendants, this

15 | Motion should be granted and the action against the Defendants should be dismissed.

16 | **II.**     <u>**STATEMENT OF FACTS**</u>

17 | A.    <u>Plaintiff's Claim</u>

18 |       Plaintiff Steven Ames Brown filed his Complaint for Declaratory Relief on May 7, 2008.

19 | The Complaint concedes that the "defendants are citizens of New York." (Complaint at ¶1.)  The

20 | Complaint asserts that plaintiff represented Eunice K. Stroud, professionally known as Nina Simone

21 | (hereinafter referred to as "Ms. Simone"), in two cases before California federal courts in 1994 and

22 | 1995 ("Prior Actions").  (Complaint at ¶3.)  The Complaint suggests that those Prior Actions related

23 | to certain sound recording by Ms. Simon.  (Complaint at ¶3.)  Plaintiff asserts that as a result of the

24 | Prior Actions, and through dealings with Ms. Simon, he owns a 40% interest in those recordings.

25 | Plaintiff fails to identify the owner of the remaining 60%.  (Complaint at ¶4.)  Plaintiff seeks a

26 |

27 | [1]  Simply put, because there is no jurisdiction over the present defendants, venue is also improper for the same reasons and based upon the same facts.

28 |

2

1    determination by the Court of the defendants' ownership interests in the sound recordings.

2    Despite his reliance on the Prior Actions as the apparent basis for jurisdiction, plaintiff

3    admits in his Complaint that the defendants did not even know of the Prior Actions before 2000.

4    (Complaint at ¶6.) (Presumably after the Prior Actions had been resolved.)   Moreover, plaintiff's

5    Complaint fails to disclose that <u>the present defendants in this case were not even parties to the Prior</u>

6    <u>Actions</u>.  (Declaration of Andrew B. Stroud, at ¶4.)  Additionally, as set forth in defendant Stroud's

7    Declaration, the defendants were not given notice of those lawsuits at the time, the defendants did

8    not participate in those lawsuits, and Mr. Stroud was never deposed in those lawsuits.  (Stroud

9    Decl.at ¶4.)

10    In short, plaintiff's Complaint fails to either assert or much less establish any grounds for

11    this Court to have personal jurisdiction over the defendants.

12

13    B.    <u>The Defendants Have No Contacts with the State of California</u>

14    There are two named defendants in the present action.  One is an individual.  The other is

15    that individual's former business, which is now dissolved.   Neither defendant has contacts with

16    California.

17    Defendant Andrew B. Stroud is a resident of New York.  This is conceded by plaintiff's

18    Complaint.  Stroud has lived in New York continuously since 1946.  (Stroud Decl.at ¶2.)  He

19    conducts no business in California.  (Stroud Decl.at ¶3.)   In fact, Stroud is 82 years old.  He has

20    had three major surgeries since 2004 (including open heart surgery in 2006) and therefore his health

21    requirements and health concerns have made it extremely difficult for him to travel long distances

22    for the past couple of years.  (Stroud Decl.at ¶7.)

23    Plaintiff's Complaint also names Stroud Productions and Enterprises, Inc. (hereinafter

24    referred to as "Stroud Productions") as a defendant.  Stroud Productions was incorporated in 1963

25    and had its principal place of business and operations in the State of New York.  (Stroud Decl.at

26    ¶3.)   Andrew Stroud was the sole shareholder of Stroud Productions.  (Stroud Decl.at ¶3.)    Stroud

27    Productions conducted no business in California.  (Stroud Decl.at ¶3.)  Stroud Productions was

28

3

1    dissolved in 1981. (Stroud Decl.at ¶3.)

2        Moreover, and of further relevance to this Motion, Stroud has never owned real property in

3    California and has never had a residence in California. (Stroud Decl.at ¶2.) In short, the

4    defendants have absolutely no relationship with the State of California. As will be shown below,

5    there is no basis for asserting jurisdiction over them.

6

7                        III.    **LEGAL ARGUMENT**

8    A.    **THE COURT MUST DISMISS PLAINTIFF'S CLAIM AGAINST THE**

9          **DEFENDANTS BECAUSE THE COURT LACKS PERSONAL**

10         **JURISDICTION OVER THE DEFENDANTS.**

11        When no applicable federal statute governs jurisdiction, a federal district court applies the

12   law of the state in which the district court is sitting. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d

13   1482, 1484 (9th Cir. 1993). California permits the exercise of personal jurisdiction to the full extent

14   permitted by the due process of law. *Rocke v. Canadian Auto. Sport Club* (9th Cir. 1981). Thus,

15   personal jurisdiction must comport with the California long-arm statute and with the constitutional

16   standards of due process. *See* Civ. Proc. Code §410.10.

17        Personal jurisdiction over non-resident defendants depends upon whether a defendant has

18   sufficient minimum contacts with the forum state or whether the traditional bases for personal

19   jurisdiction are present. The three traditional bases for exercising personal jurisdiction are service

20   within the forum state, domicile or consent. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877). Absent

21   one of those traditional bases for jurisdiction, due process requires that the defendant have certain

22   minimum contacts with the forum state "such that maintenance of the suit does not offend

23   'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326

24   U.S. 310 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). These requirements

25   provide "a degree of predictability to the legal system that allows potential defendants to structure

26   their primary conduct with some minimum assurance as to where that conduct will and will not

27   render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

28

1  Thus, the plaintiff must be able to prove sufficient "minimum contacts" between the defendant and

2  California.  Under California law, the defendant's "contacts" with the forum state are measured

3  only "by contacts occurring prior to the event causing the litigation." *Farmers Ins. Exch. v. Portage*

4  *La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990).

5        Personal jurisdiction is determined on a defendant-by-defendant basis and may be either

6  "general" or "specific." *Panavision International, L.P. v. Toepen*, 141 F.3d 1316, 1320 (9th Cir.

7  1998).   The touchstone with both general and specific jurisdiction is "purposeful availment" (i.e.,

8  whether the non-resident defendant has purposefully availed himself of the forum state's benefits or

9  purposefully and voluntarily directed his activities toward the forum so that he should expect, by

10  virtue of the benefits received, to be subject to a court's jurisdiction based upon his contacts) so as

11  to ensure that a defendant will not be haled into a jurisdiction solely as a result of random,

12  fortuitous, or attenuated contacts or the unilateral activity of another party or third person. *Burger*

13  *King Corp. v. Rudzewicz*, 471 U.S. 461, 471-76 (1985).  "It is essential in each case that there be

14  some act by which the defendant purposefully avails itself of the privilege of conducting activities

15  within the forum state, thus invoking the benefits and protections of its laws." *Hansen v. Denckla*,

16  357 U.S. 235, 253 (1958).

17

18      **1.**       **Plaintiff Bears the Burden of Proof to Establish the Facts Supporting**

19              **Jurisdiction.**

20        It is the plaintiff's burden to establish that a district court has jurisdiction. *Doe v. Unocal*

21  *Corp.,* 248 F.3d 915, 922 (9th Cir. 2001).  Although for purposes of a Motion to Dismiss, the

22  plaintiff's version of the facts is assumed to be true unless directly controverted, the plaintiff must

23  still demonstrate facts that if true would support jurisdiction over the defendant. *Id.*  In the present

24  case, the plaintiff has failed to and cannot meet his burden of proof.

25        As set forth above, the plaintiff's Complaint does not articulate any facts to support the

26  conclusion that the defendants had any contact with the State of California.  Moreover, the

27  defendants are not domiciled in California, they were not served in California, nor have the

28

POINTS AND AUTHORITIES IN SUPPORT OF A MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
Case No. 08-CV-02348--VRW

1    defendants consented to local personal jurisdiction by voluntarily appearing in this action.

2    Furthermore, the defendants have never conducted business in this state.   In fact, the defendants

3    have no contacts with the State of California.  As such, maintaining this action in this Court would

4    greatly offend the traditional notions of fair play and substantial justice.

5         Nowhere in the Complaint does the plaintiff allege a factual basis on which this Court can

6    properly exercise personal jurisdiction over the defendants.  The Complaint makes only the legally

7    conclusory allegation that this action "arose" in San Francisco County.  (Complaint at ¶ 2.)   This is

8    incorrect.  Rather, the defendants' lack of contacts with California conclusively supports the

9    assertion that the defendants have not  "purposefully availed" themselves of the laws of California.

10   The exercise of jurisdiction must comport with due process requirements and plaintiff's conclusory

11   allegation is wholly insufficient to satisfy the personal jurisdiction requirements of the Constitution

12   and Codes of the United States and the laws of the State of California.  Because the defendants have

13   no connection to California it would be unjust for this Court to exercise personal jurisdiction over

14   them.

15       **2.      There Are Insufficient Minimum Contacts Between the Defendants and**

16            **California to Establish General Jurisdiction.**

17        General jurisdiction exists when a non-resident defendant's contacts are substantial or

18   continuous and systematic with the forum state, even if those contacts are not related to the cause of

19   action.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984).  The

20   standard for establishing general jurisdiction is high, requiring contacts of the sort that approximate

21   physical presence. *Bancroft & Masters, Inc., v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th

22   Cir. 2000).  Factors to be taken into consideration are whether the defendant makes sales, solicits or

23   engages in business in the state, serves the state's markets, designates an agent for service of

24   process, holds a state license, or is incorporate in the forum state.  *Id.*  The assertion of general

25   jurisdiction must be reasonable.  *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, Inc., 1 F.3d 848,

26   852-53 (9th Cir. 1993).

27        Based upon the same facts as set forth above, there is no basis for asserting general

28

6

1  jurisdiction over the defendants.  To recap:  defendants have no contacts with the State of

2  California. The defendants did not reside in or maintain a business office in California.

3  Furthermore, the defendants' business was conducted within New York.  Based upon the

4  allegations set forth in the Complaint and the declaration of the defendant Stroud, filed concurrently

5  herein, it is clear that there is no basis for exercising general jurisdiction over the defendants in the

6  State of California.  Such an assertion of jurisdiction would be unreasonable.

7      **3.**    **The Defendants Did Not Purposefully Avail Themselves of the Benefits and**

8      **Protections of the Laws of California and Therefore, There is No Specific**

9      **Jurisdiction.**

10      In contrast to general jurisdiction, which is based upon extensive presence and activities in

11  the forum state, specific jurisdiction exists when the cause of action arises out of certain forum-

12  related acts by the non-resident defendant.  *Helicopteros*, 466 U.S. at 415 (1984).  A three-part test

13  applies when considering whether a district court may exercise specific jurisdiction over a non-

14  resident defendant:

15      (1) the non-resident defendant must purposefully direct his activities or consummate

16      some transaction with the forum or resident thereof; or perform some act by

17      which he purposefully avails himself of the privilege of conducting activities in

18      the forum, thereby invoking the benefits and protections of its laws;

19      (2) the claim must be one which arises out of or relates to defendant's forum related

20      activities; and

21      (3) the exercise of jurisdiction must comport with fair play and substantial justice,

22      i.e., it must be reasonable.

23  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)

24  (citations omitted).

25      The first part of the test for specific jurisdiction requires a qualitative evaluation of the

26  defendant's contact with the forum state, to determine whether the non-resident defendant's conduct

27  and connection with the forum state are such that he should reasonably anticipate being haled into

28  
7

1  court there. *Id.* at 1130. This first requirement is met if the defendant performed some type of

2  affirmative conduct that allows or promotes the transaction of business within the forum state. *Id.*

3  The second part of the test asks whether the alleged injury would not have occurred but for the non-

4  resident defendant's forum-related conduct. *Id.* at 1131-32. Lastly, under the third part, courts

5  apply a multi-factor test to determine whether exercising jurisdiction would be reasonable:

6           (1) the extent of defendants' purposeful interjection into the forum state's affairs;

7           (2) the burden on the defendant of defending the forum;

8           (3) the extent of conflict with the sovereignty of the defendants' state;

9           (4) the forum state's interest in adjudicating the dispute;

10           (5) the most efficient judicial resolution of the controversy;

11           (6) the importance of the forum to the Plaintiff's interest in the convenient and

12              effective relief; and

13           (7) the existence of an alternative forum.

14  *Id.* at 1132, *quoting Core-Vent Corp.*, 11 F.3d at 1487-88.

15        The facts, as alleged in plaintiff's Complaint and as set forth in Stroud's Declaration,

16  establish that not even specific jurisdiction is present in this case. Plaintiff has not and cannot plead

17  any facts to support the assertion that a California district court has the power to exercise specific

18  jurisdiction over these New York defendants. In fact, it is such an open and shut case, that it is

19  almost unnecessary to analyze the facts in the instant case with respect to each and every prong of

20  the three-part test set forth in *Harris Rutsky,* in order to unquestionably conclude that there is no

21  specific jurisdiction over the defendants here.

22        Nonetheless, in analyzing the facts of the present case to the first-part of the test for specific

23  jurisdiction, the only conclusion possible is that the defendants never anticipated being haled into a

24  California court since they did not perform any act, let alone an affirmative act, within the forum

25  state. Secondly, the analysis need go no further than to see that there was no forum-related conduct

26  by the defendants (and none is alleged). Therefore this claim does not arise out of any conduct by

27  the defendants in California. Finally, under the third prong of the test, it would be unreasonable for

28

POINTS AND AUTHORITIES IN SUPPORT OF A MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
Case No. 08-CV-02348--VRW

1   this Court to exercise jurisdiction over defendants that have had no contact with California, and in

2   an action where adjudication of the dispute does not serve any interest of the State and an

3   alternative proper and efficient forum exists.  (See, Stroud Decl. at ¶ 5.)[2]

4         Plaintiff does not assert and cannot establish that the defendants availed themselves of the

5   benefit and protection of the laws of California.  Additionally, exercising jurisdiction over the

6   defendants in California would not only be unfair but would also result in defendant Stroud bearing

7   the excessive burden of participating in cross-country litigation at the age of 82 and while suffering

8   from poor health.  (Stroud Decl. at ¶ 7.)    From these undisputed facts it is clear that the exercise of

9   specific jurisdiction over the defendants would be unreasonable and would constitute a violation of

10  due process requirements.  The Motion should be granted and the claim against the defendants

11  dismissed.

## IV.    CONCLUSION

14        There are no facts which would establish any legal basis to support personal

15  jurisdiction in the instant case over these defendants.  Therefore, this Court lacks personal

16  jurisdiction over the defendants.  The instant Motion should be granted  and the claim

17  against the defendants dismissed.

19  Dated:  June 5, 2008                    WILSON, ELSER, MOSKOWITZ, EDELMAN &
20                                          DICKER LLP

22                          By:    _____
                                   Francis J. Torrence
23                                 Attorneys for Defendants
                                   ANDREW B. STROUD and
24                                 STROUD PRODUCTIONS AND
                                   ENTERPRISES, INC.

---

26  [2]  As set forth in Stroud Decl. at ¶ 5, litigation already exists between the parties which is moving forward in New
27  York. Defendants anticipate that it might be necessary to request this Court to abstain from hearing the present matter
    while the other litigation is moving forward, and hereby reserve their right to raise this issue in either subsequent
28  briefing or at the Case Management Conference if necessary.

9