1  FRANCIS J. TORRENCE (SBN. 154653)
   SHEENA V. JAIN (SBN. 251912)
2  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94105-2725
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  Attorneys for Defendants
   ANDREW B. STROUD, an individual
6  and STROUD PRODUCTIONS AND
   ENTERPRISES, INC.

7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, | Case No.: 08-CV-02348-VRW |
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)** |
| vs. | |
| ANDREW B. STROUD, an individual and STROUD PRODUCTIONS AND ENTERPRISES, INC., | Date:         August 21, 2008<br>Time:         2:30 p.m.<br>Courtroom:  6 |
| Defendants. | Honorable Vaughn R. Walker |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

## I. INTRODUCTION

Plaintiff brought a declaratory relief action here in California against a New York citizen, Mr. Andrew Stroud, and a related business entity (hereafter, the Stroud defendants). The defendants opposed that suit by bringing a Motion to Dismiss for lack of personal jurisdiction. Defendants' motion addressed the issues of both general and specific jurisdiction. However, because plaintiff's Complaint is virtually devoid of any mention of any specific factual allegations, the primary focus of the moving papers was general jurisdiction.

Plaintiff's Opposition brief concedes the issue of general jurisdiction. Instead, plaintiff attempts to create belatedly a factual basis for specific jurisdiction by raising for the first time alleged "facts" which are not even mentioned in his Complaint. However, to do so, plaintiff has to reach back in time and relies on only the following: a <u>three year old letter</u> from the defendants, an <u>eight year old telephone conversation</u> with plaintiff, an <u>inactive web site</u> which might have been defunct for almost three years, and <u>decade-old injunctions</u> from other litigation involving different defendants. As will be shown below, these stale and aging "facts" do not support a finding of specific jurisdiction. Moreover, in light of the fact that defendant Mr. Stroud is 84 years old and in poor health, reasonableness and fairness require that he not be dragged into transcontinental litigation which could easily be brought in his home state of New York. For reasons which will be demonstrated more fully below, defendants' Motion to dismiss should be granted.

## II. STATEMENT OF ISSUE AND RELEVANT FACTS

The sole issue now before this Court is whether the Court possesses specific personal jurisdiction over the defendants. Defendants incorporate the facts set forth in their moving papers.

## III. LEGAL ARGUMENTS

### A. PLAINTIFF CONCEDES THAT THE COURT DOES NOT HAVE GENERAL JURISDICTION OVER DEFENDANTS

The Stroud defendants' Motion to Dismiss addressed both general jurisdiction and specific jurisdiction. Plaintiff's opposition brief is completely silent on the question of general jurisdiction and provides no response to that issue. Instead, plaintiff directs all of his effort to the issue of specific jurisdiction. By abandoning the question of general jurisdiction plaintiff concedes that the

1
**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

Court does not have general jurisdiction over the defendants. For that reason, defendants will not address this issue further.

### B. PLAINTIFF'S LEGAL AND FACTUAL ASSERTIONS ARE NOT SUFFICIENT TO ESTABLISH SPECIFIC JURISDICTION

As set forth in the moving papers, the concept of specific jurisdiction looks at whether the specific acts <u>alleged in a plaintiff's Complaint</u> are sufficient to create jurisdiction over a defendant. Plaintiff's reliance on this jurisdictional option is misplaced because his Complaint is completely void of any claims or allegations of wrongdoing. Rather, his claim for declaratory relief simply requests a resolution to the issue of title to a music catalogue.

A three-part test applies when considering whether a district court may exercise specific jurisdiction over a non-resident defendant: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted).

The Complaint in question alleges no claims for relief based upon any "alleged facts" nor does it state any claims for relief at all, beyond a mere declaratory relief action. Plaintiff's belated attempt to establish specific jurisdiction based on "wrongful acts" of copyright infringement and slander of title at this point should be disregarded as disingenuous. On these grounds alone, plaintiff fails to establish a basis on which this Court can properly exercise personal jurisdiction over the Stroud defendants. However, in an excess of caution, defendants will respond to plaintiff's factual accusations.

#### 1. Defendants have not caused any harm in the forum state.

Plaintiff suggests that specific jurisdiction exists because the Stroud defendants purposefully availed themselves to the forum state by causing harm in California. Specifically, the accusation

found for the first time in the Opposition brief is that defendants' 2005 letter to Warner and Castle Rock Entertainment was sufficient "harm" to establish specific jurisdiction in this state. Plaintiff makes this claim even though the letter was not addressed to the plaintiff nor is the plaintiff a named party in the pending litigation related to the 2005 letter. Plaintiff's argument that the 2005 letter is a sufficient basis for specific jurisdiction is not supported by the facts or the law.

First, the Stroud defendants have not caused harm in California nor has such harm been alleged in plaintiff's Complaint. Plaintiff suggests that the requisite harm was the alleged slander of title to one of the songs in question, which is referenced in the 2005 letter. However, there is no such allegation in the Complaint. In fact, <u>defendants' 2005 letter to Castle Rock and Warner Bros. is not even mentioned in the Complaint.</u>

Plaintiff's reliance on the case authorities cited in his Opposition is misplaced. None of the cases stand for the proposition that merely sending a letter to another party in California can establish specific jurisdiction. *Bancroft*, the only case which comes close to plaintiff's factual position, in fact clarifies why jurisdiction is not created in this case: because defendants committed no "wrongful conduct individually targeting a known forum resident" in this state. *See generally Bancroft & Masters, Inc. v. Augusta National Inc.,* 223 F.2d 1082, 1085 (9th Cir. 2000). That necessary element is not present here, where the defendants' letter neither invoked California law nor jurisdiction, nor was it in and of itself harmful. Instead, the letter simply asserted the defendants' interest in the subject composition. The present case is further distinguishable from *Bancroft* because in *Bancroft* the letter served as the necessary trigger for the litigation in question. Here, it requires a stretch of the imagination to believe that a 2005 letter triggered this declaratory relief action in 2008, three years later; particularly when the letter is not even mentioned in plaintiff's Complaint.

Additionally, the second prong of analysis for specific jurisdiction is lacking in these facts because there is nothing in plaintiff's Complaint alleging that the letter constituted a slander of title, or otherwise asserting such a claim against the defendants. If plaintiff thought that such a claim existed, he should have filed a Complaint alleging slander of title, rather than seeking declaratory

3
**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

1  relief. Because he failed to do so, he should not be permitted now to argue that claims not made in
2  the Complaint can support a finding of specific jurisdiction.
3      Even more significantly, <u>plaintiff fails to inform the Court that there is a pre-existing lawsuit
4  relating to the very issue of the 2005 letter to Warner Bros. and Castle Rock</u>. The Stroud
5  defendants brought suit in the Southern District of New York on this issue and with those very
6  parties. In an Amended Complaint filed on or about October 31, 2007, case number #07 CIV 8638
7  (HB), the Stroud defendants sued defendants Castle Rock Enterprises, Inc., Warner Bros.
8  Entertainment Inc., and Warner Independent Pictures, Inc., for among other things, copyright
9  violation relating to the use of the composition "Just in Time." Torrence Declaration, ¶ 4. In other
10 words, <u>this dispute is already being litigated in the federal courts of New York</u>, but plaintiff failed
11 to inform the Court of that fact. To the extent that plaintiff is even suggesting that his present suit
12 addresses this dispute with Castle Rock, et al., (which on the face of the Complaint it does not),
13 such litigation would be duplicative of an existing suit which would require this matter to be
14 dismissed or stayed pending the outcome of such related litigation. For these reasons, plaintiff
15 cannot establish specific jurisdiction based upon defendants' 2005 correspondence.
16     **2. Defendants' inactive website does not support a finding of specific jurisdiction.**
17     In his Opposition, plaintiff also asserts that specific jurisdiction exists as a result of a web
18 site purportedly owned and operated by the defendants <u>at some time within the past three years</u>.
19 Brown Declaration, ¶ 8. However, even plaintiff's overbroad statement of the facts and the law
20 fails to support a finding of specific jurisdiction over a currently defunct web site.
21     When evaluating websites, California courts have typically looked to the "level of
22 interactivity and commercial nature of the exchange of information that occurs on the website to
23 determine if sufficient contacts exist to warrant the exercise of jurisdiction." *IO Group, Inc. v.
24 Pivotal, Inc.*, 2004 U.S. Dist. LEXIS 6673, *8 (N.D. Cal 2004). In *IO*, the Court found that the
25 defendants purposefully availed themselves to the laws of California because the website operated
26 by the defendants therein had a "relatively high-level of interactivity." *Id.* at *13. Plaintiff's
27 reliance on *IO* case is misplaced because he oversimplifies the legal analysis, as well as the
28

4
**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

application of the opinion to the web site in question in this matter. In fact, the Court's analysis in *IO* was a much more fact intensive and detailed analysis than is indicated by plaintiff's one-line discussion of the case. It takes than just <u>some level of interactivity</u> on a website that California residents can potentially access to carry out a commercial transaction, for the Court to find that defendant has purposefully availed himself to the benefits and protections of California's laws through sufficient contacts with the forum state.

The facts in *IO* are noticeably different than the facts in this case. Here, plaintiff has failed to establish the necessary facts to conclude that the defendants purposefully availed themselves to the jurisdiction of California in maintaining the deactivated website at issue, ninasimone.biz. According to plaintiff's Declaration, he can only assert that he has seen the website within the last three years and that it permitted individuals to purchase downloads of various Nina Simone recordings. *See* Brown Declaration, ¶ 8. However, the web site is now defunct and inactive. So all we know from plaintiff's declaration is that at some point between since 2005 it had some unknown and unspecified level of interactivity, but it certainly no longer does as the website is now defunct. Such facts are not sufficient to establish the requisite level of interactivity and commercial contacts necessary to establish specific jurisdiction. In fact, there are no facts asserted in any of plaintiff's pleadings to indicate that any California resident conducted a commercial transaction on the website, that defendants entered into any commercial contracts with California residents related to the website, or that the commercial transactions were facilitated by a California-based third party payor. Such facts were present in *IO* and it was the presence of such facts, that gave rise to the Court's holding that plaintiff had established that defendants' had sufficient minimum contacts to satisfy the first prong of the test set forth above. However, in the present case, the defunct website at issue certainly does not contain the high-level of interactivity needed for this Court to find that defendants purposefully availed themselves to the jurisdiction of this Court.

Even if this Court were to consider defendants' conduct in operating the website at issue as sufficient, plaintiff has failed to establish specific jurisdiction on the basis that plaintiff's claim for declaratory relief does not arise out of defendants' involvement with the website. Here, the claim

5
**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

1  initiated by the plaintiff is one for declaratory relief. The Complaint does not mention the web site
2  or its sales or its recordings or its downloads, nor does the Complaint even allege copyright
3  infringement. Therefore, <u>defendants' conduct related to the website is irrelevant to the declaratory
4  relief sought by the plaintiff</u>. The declaratory relief action presently before this Court and any
5  alleged conduct by defendants' in the forum state arising out the website are entirely unrelated. As
6  such, plaintiff's argument clearly fails to satisfy the second, "but for" prong required to establish
7  specific jurisdiction based on defendants' conduct related to the website.

8       For the reasons above, plaintiff fails to assert sufficient facts to support a finding by this
9  Court that he has met his burden to establish personal jurisdiction through a now defunct web site,
10 and it would be improper for this Court to exercise jurisdiction over this case in light of the fact that
11 defendants' have had very limited contact with the forum state.

12     **3. The decade old injunctions do not support a finding of specific jurisdiction.**

13      In his Opposition, plaintiff argues that specific jurisdiction exists because the defendants
14 have knowledge of two injunctions originally issued from this Court. However, this approach also
15 fails to create specific jurisdiction.

16      First, it is worth noting that the stipulated injunctions arose from cases in which the Stroud
17 defendants were not named parties. Although this fact was unclear in plaintiff's Complaint, it is
18 clear from the actual pleadings attached to the Opposition brief. This confirms the point made in
19 defendants' moving papers - the Stroud defendants were not parties to those lawsuits, and were not
20 involved in the litigation and therefore, the injunctions have no relevancy in establishing personal
21 jurisdiction over the defendants. The defendants certainly were not part of the stipulations, which
22 resulted in the judgments and injunctions. Without knowing more about the cases, one can only
23 wonder why plaintiff did not involve the Stroud defendants in that litigation at that time if he
24 believed, as he now asserts that they were bound by any resulting injunctions. Moreover, it is
25 pertinent that the injunctions were issued in 1995 and 1998 respectively.

26      While the fact that the Stroud defendants were not named parties to the injunctions is not
27 alone dispositive, it is a factor that the Court should consider. Despite plaintiff's suggestion that
28

1 Stroud is now somehow acting "in concert" to violate the injunctions, there is no evidence that the
2 Stroud defendants are doing so. These injunctions have been in place for over ten years and
3 plaintiff has not once instituted a contempt action or (as far as the record reflects) alleged that the
4 Stroud defendants were in contempt. As such, the injunctions do not assist plaintiff in establishing
5 that defendants have acted in such a way as to create a "harm" which has taken place in California.

6       Also in support of this conclusion, the Court recently rejected plaintiff's efforts to have this
7 present case identified as a "related case" to the earlier actions. (A copy of that order is on file in
8 this matter.) As such, there should be no concern here that a Court's injunction has been
9 disregarded by the Stroud defendants. Additionally, the Court's order denying plaintiff's request to
10 "relate" the prior actions means that plaintiff's belated argument that the Stroud defendants are
11 somehow in violation of the injunctions is in no way related to any of the claims brought in
12 plaintiff's Complaint.

13       Although the Complaint mentions the prior actions, it is telling that the Complaint is not an
14 action alleging contempt of the injunctions by the Stroud defendants. In other words, plaintiff has
15 alleged no harm or wrongful act by the defendants in his Complaint which would constitute a
16 violation of the injunctions. For that reason, the injunctions fail to support the second prong of the
17 specific jurisdiction analysis.

18       Plaintiff's reliance on the *Rebok* and *Waffenschmidt* cases is misplaced. Although the *Rebok*
19 case discusses *Waffenschmidt*, *Rebok* is primarily concerned with a court's international reach (and
20 found no personal jurisdiction). *Rebok's* discussion of *Waffenschmidt* is helpful to the extent that it
21 points out that in that case the non-parties had actively aided and abetted the violation of the
22 injunction in concert with defendants named in the injunction. *Rebok Intern. Ltd. v. McLaughlin*,
23 49 F.3d 1387,1391 (9th Cir. 1995). Notwithstanding plaintiff's self-serving declaration, heavily
24 reliant on hearsay and short on details, there is no evidence that the Stroud defendants have aided
25 and abetted the parties to violate the injunctions.[1]

---

[1] As mentioned above, Mr. Stroud recently underwent a further hospitalization and surgery and is currently unable to aid in his defense or respond to plaintiff's opposition brief pursuant to his doctor's instructions. Torrence Declaration, 3. Obviously, it would seem that Mr. Stroud's response to plaintiff's factual allegations would likely be helpful and

7
**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

Finally, the injunctions, on their face, conflict with the statements plaintiff makes in his Complaint. For example, the Complaint claims that plaintiff became a 40% owner of the master recordings in 1990. *See* Plaintiff's Complaint, ¶ 4. However, the injunction dated 1998, on which plaintiff relies, states that Nina Simone is the "sole and exclusive owner of the copyrights...." In short, plaintiff's own arguments are inherently inconsistent with the claims he now asserts.

For all of these reasons, plaintiff's claim of specific jurisdiction for this declaratory relief action cannot be based upon the mere existence of these two, decade old injunctions and nothing more.

### 4. It would be unreasonable to drag the Stroud defendants into California courts.

Finally, this Court should not exercise jurisdiction over Mr. Stroud because to do so would be unreasonable under the circumstances. Plaintiff's Opposition completely ignores this issue, but this Court should not. Courts apply a multi-factor test to determine whether exercising jurisdiction would be reasonable: (1) the extent of defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the Plaintiff's interest in the convenient and effective relief; and (7) the existence of an alternative forum. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, (9th Cir. 2003) at 1132, *quoting Core-Vent Corp.*, 11 F.3d at 1487-88.

As shown above, the Stroud defendants have done nothing to interject themselves into California's affairs. But more importantly, it would be an extreme and undue burden to Mr. Stroud to be forced to defend the suit in California. As set forth in the moving papers, defendant Andrew Stroud is an 84 year old man, who resides in New York and has been in ill health which severely restricts his ability to travel. Additionally, Mr. Stroud's recent hospitalization and surgery have completely interfered with his ability to assist in his defense of this Motion and to respond to

---

informative. However, they are not necessary to defeat the opposition because even the facts alleged do not establish specific jurisdiction.

1  plaintiff's hearsay allegations relating to telephone conversations held over eight years ago. It
2  would create an extreme hardship to force Mr. Stroud to litigate this matter in California.

3  Additionally, the other factors also weigh against a finding of specific jurisdiction. First,
4  any viable claims by plaintiff can be brought and litigated in New York, where Mr. Stroud is a
5  resident. In fact, there already exists litigation in New York relating in part to the subject of this
6  suit; therefore, an alternative forum clearly exists. There are no apparent (and plaintiff has not
7  argued any) conflicts between either California as a forum or New York on the ownership issues,
8  nor does California have some overarching state interest which would be triggered by bringing any
9  claims where Stroud resides.

10  Moreover, fairness suggests that plaintiff has slept on his rights, to the extent he has any. If
11  plaintiff had concerns about Mr. Stroud, he should not have waited all of these years to exercise his
12  rights. Plaintiff should not be allowed to drag Mr. Stroud, now an elderly man, across the country
13  to litigate an action in a jurisdiction in which he has no contacts. Plaintiff has no better "claimed"
14  contacts than a three year old letter, an eight year old telephone conversation with Mr. Stroud, an
15  inactive web site which has been defunct for possibly three years, and decade old injunctions for
16  which there are no claims of contempt and to which defendants were not parties. Fairness requires
17  any litigation take place where Stroud resides and where jurisdiction exists.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

9
**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)**
Case No. 08-CV-02348--VRW

## IV. CONCLUSION

Defendants established in their moving papers that there is no basis for this Court to assert general jurisdiction over them. Plaintiff conceded that point by failing to address it in his papers.

In this Reply brief, defendants refute plaintiff's claim that specific jurisdiction exists. In short, the three prong test for specific jurisdiction has not been met. Defendants have not committed a harm targeting this plaintiff in California. There are no contacts or actions by defendants which are the subject of plaintiff's Complaint (which simply seeks declaratory relief). And, third, fairness requires that the 84 year old defendant not be dragged across the country, particularly when there is already litigation in New York on related issues.

For these reasons, defendants' Motion to Dismiss should be granted.

Dated: August 7, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:  /s/
Francis J. Torrence
Sheena V. Jain
Attorneys for Defendants
ANDREW B. STROUD and
STROUD PRODUCTIONS AND
ENTERPRISES, INC.