STEVEN AMES BROWN (SBN 83363)
Entertainment Law
69 Grand View Avenue
San Francisco, California 94114-2741
Tel: 415/647-7700
Fax: 415/285-3048

THERESE Y. CANNATA (SBN 88032)
Cannata, Ching & O'Toole, LLP
100 Pine Street
San Francisco, California 94111
Tel: 415/409-8900
Fax: 415/409-8904

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN AMES BROWN, | CIVIL NO. 08-02348 VRW |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| ANDREW B. STROUD, an individual and doing business as STROUD PRODUCTIONS AND ENTERPRISES, INC. | |
| Defendants. | |

Plaintiff alleges as follows:

    1.    Jurisdiction. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. This action also arises under the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202. Venue is proper pursuant to 28 U.S.C. § 1391(A)(2)&(3). Plaintiff is a citizen of California and defendants are citizens of New York. The property in controversy exceeds $75,000.00 in value, exclusive of interest and costs.

    2.    Intradistrict Assignment. This action arose in San Francisco County.

## INTRODUCTION

3. At all times herein mentioned plaintiff was an attorney licensed to practice law in California and was counsel to Eunice K. Stroud who was professionally known as Nina Simone ("Dr. Simone"). Plaintiff represented Dr. Simone in two actions before this Court, *Nina Simone v. San Juan Music Group, et al.* 94-CV-1288-TEH and *Nina Simone v. Marshall Sehorn, et a.*, 95-Cv-3590-CAL (the "Prior Actions"). The Prior Actions resulted in five separate final judgments and permanent injunctions against the various defendants pertaining to the same, approximately 104, sound recordings authored by Nina Simone (collectively the "Masters"). Pursuant to the written conveyances executed by the various defendants to Dr. Simone and the five final judgments and permanent injunctions in the Prior Actions, Dr. Simone acquired all rights to the Masters that she did not already own.

4. By virtue of a written contract made on or about July 30, 1990 between Dr. Simone and plaintiff, plaintiff obtained a 40% ownership interest in all the Master Recordings that were the subject of the Prior Actions.

5. The various defendants in the Prior Actions claimed interests in 52 of the Masters (the "Disputed Masters") based on chains of title that purportedly began with Andrew B. Stroud and/or Stroud Productions and Enterprises, Inc. (collectively "Stroud"). At the time those injunctions were entered, the named defendants were manufacturing and selling copies of the recordings under the authority of Stroud and under agreements that entitled Stroud to receive a portion of the revenue from the sale of each and every copy manufactured and sold.

6. Stroud Productions and Enterprises, Inc. was dissolved in or about 1981 and since that time Andrew Stroud has been doing business under the fictitious name Stroud Productions and Enterprises, Inc.

7. No later than approximately 2000, Stroud had actual notice of the permanent injunctions entered in the Prior Actions and their application to Stroud as persons acting in concert and/or participation with said prior defendants at the time the injunctions were entered.

-2-

He also had actual notice that plaintiff had succeeded to an interest in the recordings from Nina Simone and that plaintiff worked in San Francisco.

8. In or about February 2004, plaintiff and the Estate of Nina Simone licensed the Nina Simone recording of *Just in Time*, which was one of the Disputed Masters, for use in the soundtrack of the motion picture *Before Sunset*. The closing credits of *Before Sunset* listed plaintiff and the Estate of Nina Simone as the licensors of *Just in Time*.

9. By letter dated June 16, 2004 from defendants' counsel to Castle Rock Entertainment, Inc., Warner Bros. Entertainment, Inc. and Warner Independent Pictures, Inc. which was delivered to the addressees in California, defendants slandered plaintiff's title to *Just in Time*. In the letter, defendants claimed that they were "the owner of the sound recording." Defendants further contended that the inclusion of *Just in Time* into the film *Before Sunset* without their permission was a wrongful act; they demanded an "accounting" of the film's exploitation. Defendants' slander of title has damaged plaintiff by preventing him from vending or licensing clear title and necessitating that he expend the costs of this suit to clear his title and to disprove defendants' false claim thereto.

10. One of the persons permanently enjoined in the Prior Actions from licensing or attempting to license any Nina Simone recordings was Jerry Williams dba Swamp Dog, a resident of California. On or about August 29, 2006, with actual knowledge that both defendants herein and Mr. Williams were bound by injunctions issued in the Prior Actions, the defendants and Mr. Williams conspired among themselves to violate the Court's injunction. Specifically, defendants engaged Mr. Williams to act as their agent for the licensing of the Disputed Masters and Mr. Williams did in fact, in 2006, and from within California, offer to license the Disputed Masters on behalf of Stroud to third parties, in knowing violation of the Court's preexisting permanent injunction. Defendants' slander of title has damaged plaintiff by preventing him from vending or licensing clear title and necessitating that he expend the costs of this suit to clear his title and to disprove defendants' false claim thereto.

-3-

11. In or around December 2006, defendant Andrew Stroud was the proprietor of the website, www.ninasimone.biz. The site was interactive, *i.e.*, it was not merely a listing of information but permitted visitors to select various Nina Simone recordings for listening. It also permitted viewers to purchase a download of various Nina Simone recordings. One of the recordings on the website available for listening or purchase was the version of *Just in Time* that is the subject of this lawsuit. The website stated the recording was the one in the soundtrack of *Before Sunset*. "'Just in Time' is a BONUS TRACK of the Nina Simone performance used in the soundtrack of the film 'Before Sunset'." Plaintiff's recording of *Just in Time* was not only offered on the website for listening through streaming, but was also available for purchase by downloading. The website www.ninasimone.biz was at all times accessible from California.

12. Within one year last past, defendant Andrew Stroud caused to be published on the website www.high-pristess.com written statements concerning plaintiff. Stroud stated that plaintiff "fraudulently" and "illegally" obtained the Disputed Masters, and that plaintiff has acted "in an illegal manner." The factual assertions made by Mr. Stroud pertaining to plaintiff are all false. Defendants' slander of title has damaged plaintiff by preventing him from vending or licensing clear title and necessitating that he expend the costs of this suit to clear his title and to disprove defendants' false claim thereto. The website www.high-priestess.com was at all times accessible from California.

**FIRST CLAIM FOR RELIEF**
[DECLARATORY RELIEF]

13. Plaintiff incorporates by reference paragraphs 1 - 12 from above.

14. Notwithstanding Stroud's actual notice of the final judgments and permanent injunctions entered in the Prior Actions, Stroud contends that they are the exclusive owners of one or more of the Disputed Masters and that plaintiff owns no interest in the Disputed Masters.

15. The parties require a judicial declaration so they know their rights and responsibilities in relation to the Disputed Masters and with respect to the final judgments and permanent injunctions issued in the Prior Actions.

-4-

## SECOND CLAIM FOR RELIEF
[COMMON LAW COPYRIGHT INFRINGEMENT]

16. Plaintiff incorporates by reference paragraphs 1 - 15 from above.

17. *Just in Time* was first fixed prior to February 15, 1972.

18. Nina Simone was the author of *Just in Time,* including but not limited to all rights of reproduction under Civil Code § 980(a)(2). As a successor to Nina Simone at all times herein mentioned, plaintiff is entitled to the rights and benefits afforded by Civil Code § 980(a)(2).

19. Within four years last past, defendants offered and sold to the public digital copies of *Just in Time* without plaintiff's consent.

20. As a direct and proximate result of defendants' conduct, plaintiff has been injured by infringements of his common law and statutory rights as an owner of *Just in Time*, in a sum in excess of $100,000.00.

21. The willful use of a person's recording, without permission and in conscious disregard of that person's rights, is inherently oppressive and likely to inflict injury, entitling plaintiff to an award of exemplary damages sufficient to punish defendants and to make examples of them to others.

WHEREFORE, plaintiff prays judgment as follows:

1. For declaratory judgment that defendants have no right, title, nor interest in any of the Disputed Masters and that they are bound by the final judgments and permanent injunctions entered in the Prior Actions;

2. For actual damages in excess of $75,000.00;

3. For exemplary damages in excess of $300,000.00;

4. For costs of suit;

5. For such other relief as the Court may deem just.

//
//
//

Dated: October 9, 2008

        Respectfully submitted,

        CANNATA, CHING & O'TOOLE LLP

        /s/

        THERESE Y. CANNATA

        Attorney for Plaintiff