IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEVEN AMES BROWN,<br><br>      Plaintiff,<br><br>      v<br><br>ANDREW B STROUD, an individual and STROUD PRODUCTIONS AND ENTERPRISES INC,<br><br>      Defendant.<br>_____/ | No C 08-2348  VRW<br><br>ORDER |
| STROUD PRODUCTIONS AND ENTERPRISES, INC and ANDREW B STROUD,<br><br>      Plaintiffs,<br><br>      v<br><br>CASTLE ROCK ENTERTAINMENT, INC, WARNER BROS ENTERTAINMENT, INC and WARNER INDEPENDENT PICTURES, INC,<br><br>      Defendants.<br>_____/ | No C 09-3796 VRW |

Andrew B Stroud moves for leave to amend a portion of his counterclaims under FRCP 15(a)(2), Doc #103, and for a continuance of all outstanding deadlines, Doc #128.  Steven Ames Brown opposes both motions.  Doc #115; #127.  For the following reasons, Stroud's motion for leave to amend his counterclaims is DENIED and Stroud's motion for a continuance of all outstanding deadlines is GRANTED.

I

Under FRCP 15(a)(2), after the time to amend a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  While determination of whether leave to amend should be given rests in the sound discretion of the district court, <u>Swanson v United States Forest Service</u>, 87 F3d 339, 343 (9th Cir 1996), leave should be freely given unless the opposing party shows bad faith on the part of the moving party or that the motion would result in undue prejudice to the opposing party.  <u>Foman v Davis</u>, 371 US 178, 182 (1962).

Stroud proposes the following amendments, marked by underlined text:

> 18.  Counterclaimants own all right, title and interest in the disputed recordings <u>and the embodiments thereof</u>, and therefore, should be adjudged the owners of the copyrights and master physical embodiments of said recordings.
>
> <u>19.</u>  <u>Furthermore, Sony Music Entertainment and BMG Music has [sic] withheld and is withholding royalties from Stroud that are being generated pursuant to the producer agreement ("Stroud Producer Agreement"), dated May 1, 1968, entered into by Counterclaimant Stroud and RCA Records, a predecessor-in-interest to BMG Music. Sony/BMG has [sic] advised that the royalties have instead been paid for the benefit of the Estate of Nina Simone and that Counter-defendants seek to have future</u>

>    <u>royalties that are being held paid to them. Rather than the Estate, Stroud is entitled to payment of all future Stroud Production account royalties by Sony Music Entertainment and BMG Music.</u>
>
> 20. Counterclaimants are entitled to a declaration of rights, damages resulting from Counter- defendants' [sic] conduct, <u>all future royalties pursuant to the Stroud Producer Agreement</u>, an injunction from future interference, and <u>direction that Sony may release the master recordings to Counterclaimant Stroud</u>.

Doc #103 at 3.

Brown argues that the proposed amendment seeks to transform and expand the issues before the court to encompass an issue – royalty payments – that is the subject of an ongoing dispute filed by Stroud in New York state court in 2005. Doc #115 at 2. Brown argues that Stroud's motion is in bad faith and that Stroud "has been dilatory for years and to grant [Stroud's] motion would unduly prejudice Brown." Id at 10. Stroud contends that the "limited scope" of the proposed amendment reflects that it is not made in bad faith. Doc #116 at 2.

It is clear that Stroud is not seeking to add a novel claim to this litigation. Rather, he seeks to inject the issue of royalty payments, which has been before the New York state court for at least two years, see Doc #115 at 15-21 (dated March 7, 2008), into this matter. Clearly Brown, who represents that he has hired counsel in the New York action, has expended time and money litigating that action. To allow Stroud to wipe out years of New York state court proceedings and to litigate, as part of this dispute, the very issues involved in the New York case, would not, despite Stroud's assertion, serve the interest of judicial economy. Rather, such a course would result in Brown suffering undue prejudice.

3

Furthermore, as Brown points out, the claim that Stroud seeks to amend is a declaratory judgment claim. As the Supreme Court observed long ago, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, before the same parties." Brillhart v Excess Ins Co of America, 316 US 491, 495 (1942). Stroud, in his reply, does not address Brillhart or discuss any other cases concerning the appropriateness of litigating the royalty dispute, which appears to be an issue between Stroud and Brown, among others, and concerns New York state law. The court, therefore, has no reason to disagree with Brown's submission that to resolve the royalty dispute as part of this action would be an inappropriate use of the court's declaratory judgment jurisdiction.

For these reasons, Brown has met his burden of showing that he would suffer undue prejudice should the court grant Stroud's motion for leave to amend. Stroud's motion, Doc #103, therefore is DENIED. The hearing scheduled for April 8, 2010 is HEREBY VACATED.

## II

Stroud also has asked the court, in light of his attorneys' recent withdrawal, for additional time to respond to two orders to show cause issued by the court on March 26, 2010. Doc #128. While Brown opposes Stroud's request, Doc #127, a short continuance will enable Stroud to hire a new attorney and to respond timely to the court's orders. The deadlines set forth in

4

the court's March 26 orders to show cause, Doc #121, are HEREBY TERMINATED.  Stroud shall file his responses to the court's orders to show cause in writing on or before April 20, 2010.  Failure to file responses by April 20 will result in the court (i) granting Brown's request to file a motion to compel and (ii) staying <u>Stroud v Castle Rock Entertainment, Inc, et al</u>, 09-3796 VRW, pending the outcome of <u>Brown v Stroud</u>, 08-2348 VRW.

      IT IS SO ORDERED.

                              VAUGHN R WALKER

                              United States District Chief Judge