**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11   STEVEN AMES BROWN,                         No. C-08-02348 JSW (DMR)

12              Plaintiff,                      **ORDER DENYING DEFENDANT'S**
                                                **REQUEST FOR PROTECTIVE ORDER**
13        v.                                    **REGARDING USE OF FOUR**
                                                **RECORDINGS**
14   ANDREW B. STROUD,

15              Defendant.
     _____/

16

17                        **I.  INTRODUCTION**

18          This is a declaratory relief and copyright infringement action regarding the works of the

19   musical artist Nina Simone.  The parties assert competing claims to particular Simone recordings.

20   Steven Ames Brown ("Brown") contends that he successfully represented Ms. Simone in two prior

21   actions, and acquired a 40% interest in sound recordings that Ms. Simone recovered through those

22   actions.  Andrew B. Stroud was married to Ms. Simone, and also acted as her business manager.

23   Stroud and Stroud Productions and Enterprises, Inc. ("Stroud") claim rights to Simone recordings

24   flowing from a 1972 marital settlement agreement with Ms. Simone.  Stroud counterclaimed against

25   Brown and the Estate of Nina Simone ("the Estate"), seeking, among other things, declaratory relief

26   that Stroud is the exclusive owner of the disputed recordings.  The Estate counterclaimed against

27   Stroud, seeking rights in the recordings as well as the return of property alleged to belong to the

28   Estate.  Brown filed a reply counterclaim against Sony Music Entertainment ("Sony") to obtain a

1  declaration that Sony and not Stroud owns various Simone recordings that are the subject of

2  Stroud's counterclaims.  Sony is the successor to RCA, one of the companies with which Ms.

3  Simone had a recording contract.

4       In late April 2011, this Court ordered Stroud to produce authenticated copies of four Simone

5  recordings.  Stroud now requests the entry of a protective order to prevent the distribution of the four

6  recordings to third parties for any non-litigation related purpose.  Brown, the Estate, and Sony all

7  oppose entry of such an order.  The parties filed a joint letter brief pursuant to this Court's standing

8  order setting forth their positions in this dispute.  *See* Docket No. 292.  Having considered the letter

9  brief, the Court finds that this matter is appropriate for determination without oral argument pursuant

10  to Civil Local Rule 7-1(b).  The Court hereby DENIES Stroud's request for a protective order.

11                                    **II.  BACKGROUND**

12       Following an April 29, 2011 discovery hearing, the Court ordered Stroud to produce

13  authenticated copies of four Nina Simone tracks entitled "Love Me or Leave Me," "Don't Explain,"

14  "This Year's Kisses," and "Strange Fruit," that are on deposit with the Copyright Office and are the

15  subject of Stroud's copyright registration N-4087.  *See* Docket No. 286.  Stroud contends that these

16  copies should only be produced pursuant to a protective order that limits their use to purposes

17  necessary for this litigation.  Stroud argues that good cause exists for the issuance of the protective

18  order to "prevent any commercial exploitation of the recordings ... [given] that the heart of this

19  action is the parties' cross-claims of copyright infringement..." Docket 292 at 3.

20       Brown and the Estate argue that they, and not Stroud, have rights to the four recordings, and

21  that Stroud is an unlawful copyright holder.  Since Stroud admits he is not currently distributing the

22  four recordings, they argue, Stroud has nothing to lose by seeking a protective order that limits their

23  use to this litigation.  However, the protective order proposed by Stroud would place a significant

24  burden on Brown and the Estate.  They contend that Nina Simone transferred ownership of the four

25  recordings to Mercury Records in exchange for royalty rights, and warranted to Mercury that it had

26  the exclusive and perpetual rights to exploit those performances.  According to Brown and the

27  Estate, they succeeded to Ms. Simone's rights under that contract, and third party Universal Music

28  Group ("UMG') succeeded to Mercury's Rights.  If the protective order limits use of the four

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1   recordings solely to this litigation, Brown and the Estate argue that it will put them in jeopardy of a

2   claim by UMG for breach of warranty regarding the exclusive rights to the recordings. Indeed,

3   Stroud appears to acknowledge this, stating that "[w]ithdrawing recordings from the market prior to

4   the Court's ruling as to ownership rights would not seem feasible and would subject parties to

5   various breaches of contract." Docket 292 at 4.[1]

6          Similarly, Sony asserts that it is the lawful holder of rights in works fixed by Ms. Simone

7   while she was under contract with Sony's predecessors-in-interest. Sony contends that at this time,

8   it cannot conclusively determine the status of its rights in and usage of these four songs. However,

9   Sony notes that the protective order is "potentially highly prejudicial to Sony . . . if it is lawfully

10  exploiting those works, or portions of those works." *Id*. at 8.

11          In short, Brown, the Estate and Sony all contend that Stroud seeks the protective order as a

12  form of inappropriate back-door injunctive relief that would interfere with rights currently asserted

13  in the marketplace.

### III. LEGAL ANALYSIS

15  Federal Rule of Civil Procedure 26(c) governs the process for obtaining a protective order:

16      A party or any person from whom discovery is sought may move for a protective
        order in the court where the action is pending... The court may, for good cause, issue
17      an order to protect a party or person from annoyance, embarrassment, oppression, or
        undue burden or expense, including one of more of the following:
18      ...
        (G) requiring that a trade secret or other confidential research, development, or
19      commercial information not be revealed or be revealed only in a specified way ....[2]

---

21      [1]   Stroud claims that the four recordings at issue in this motion "are not currently on the
        market," and that a protective order would "serve to protect the interests of all parties." Docket No.
22      292 at 4. Brown and the Estate vehemently disagree. According to Brown, "these Nina Simone
        performances <u>are</u> in the market and have been continuously marketed by UMG for decades." *Id*. at
23      5 (emphasis in original). Brown further asserts that the four recordings are subject to contractual
        warranties with UMG, and that a protective order would also interfere with Brown and the Estate's
24      vested rights under collective bargaining agreements regarding uses of the recordings. *Id*. The
        Estate claims that it has ownership in the masters in question or has exclusive agreements already in
25      place with third parties. *Id*. at 8.

26      [2]   The Ninth Circuit has held that Rule 26(c) should not be read to limit the type of
        information that may be subject to a protective order. *Phillips ex rel. Estates of Byrd v. General
27      Motors Corp*., 307 F.3d 1206, 1211-1212 (9th Cir. 2002) (Rule 26(c) gives district courts broad
        latitude to grant protective orders to prevent disclosures of materials for many types of information,
28      including, but not limited to, trade secrets or other confidential research, development or commercial
        information; trial courts have substantial latitude to fashion protective orders.).

**United States District Court**

For the Northern District of California

1    "For good cause to exist, the party seeking protection bears the burden of showing specific

2    prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v.*

3    *General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002); *see also Beckman Indus., Inc. v.*

4    *Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) ("broad allegations of harm, unsubstantiated by

5    specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *Navarro v. Eskanos*

6    *& Adler*, 2007 WL 902550, *2-3 (N.D. Cal. March 22, 2007) (same).  If a court finds particularized

7    harm will result from disclosure of information to the public, then it balances the public and private

8    interests to decide whether a protective order is necessary.  *Phillips*, 307 F.2d at 1211.

9    Here, the specific prejudice or harm identified by Stroud is "prevent[ion of] any commercial

10   exploitation of the recordings."  Docket No. 292 at 3.  This does not constitute "good cause" in the

11   context of this case.  As noted above, the proposed protective order may interfere with ongoing and

12   assertedly legal commercial exploitation of the four works by Stroud's opposing parties.  The court

13   agrees with the opposing parties that, in this way, Stroud's proposed order would carry some of the

14   attributes of a preliminary injunction without Stroud having met the rigorous standards for obtaining

15   such an order.  If Stroud wishes to restrain usage of the four works by the opposing parties, he has

16   the ability to move for an injunction pursuant to Federal Rule of Civil Procedure 65.

17   In sum, Stroud has failed to meet his burden of establishing good cause for the proposed

18   protective order.

19                                                    **IV.  CONCLUSION**

20   For the foregoing reasons, Stroud's request for a protective order is denied.  Stroud is hereby

21   ordered to produce the verified and authenticated copies of the four recordings forthwith.

22

23   IT IS SO ORDERED.

24   Dated:  June 14, 2011

25                                                    _____

26                                                    DONNA M. RYU
                                                     United States Magistrate Judge

27

28

