**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN AMES BROWN,

    Plaintiff,

v.

ANDREW B. STROUD, and STROUD PRODUCTIONS AND ENTERPRISES, INC.

    Defendants/Counterclaimants,

v.

STEVEN AMES BROWN and ESTATE OF NINA SIMONE,

    Counterdefendants.

No.  C 08-02348 JSW

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM OF ESTATE OF NINA SIMONE, CAUSES OF ACTION TWO AND THREE**

**INTRODUCTION**

    This matter comes before the Court upon consideration of the motion to dismiss filed by Andrew B. Stroud ("Stroud"), in which Stroud moves to dismiss the second and third claims for relief in the First Amended Counterclaim of the Estate of Nina Simone ("Estate").  (Docket No. 272.)  Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY DENIES Stroud's motion to dismiss claims two and three.

**BACKGROUND**

    The facts underlying this dispute have been set forth in previous Orders, and the Court

shall not repeat them in detail. (*See, e.g.,* Docket Nos. 48, 80, 154.) In brief, this case involves competing claims between, *inter alia*, Stroud and the Estate over the rights to Nina Simone recordings, as well as "diaries, letters, photographs, ... videotapes, or other depictions of Nina Simone ["the Simone Materials"]." (First Amended Counterclaim ("FACC"), ¶ 39.)

In 1972 Stroud and Ms. Simone finalized an agreement to divide their property, which facilitated their subsequent divorce ("Property Settlement Agreement"). (FACC ¶ 16.) At that time Stroud maintained a "cache" of Simone Materials. (*Id.*) This "cache" included at least three of Ms. Simone's diaries. (*Id.* ¶¶ 17-20.) In 2003 Ms. Simone died, and their daughter, Lisa Kelly ("Kelly") became the Administrator of the Estate. (*Id.* ¶ 13.) In 2008, Kelly purchased two of Ms. Simone's diaries from Stroud, on behalf of the Estate. (*Id.* ¶¶ 56-57.) At that time Kelly believed that Stroud had turned over to her all Simone Materials in his possession. (*Id.*) However, in 2010, a magazine article revealed, allegedly for the first time, that Stroud possessed other Simone Materials, in particular another of Ms. Simone's diaries. (*Id.* ¶¶ 18-21.)

The Estate brings claims against Stroud for, *inter alia*, conversion and replevin of a subset of Simone Materials.[1] The Court previously dismissed those claims, with leave to amend, based on its conclusion that the Estate failed to allege sufficient facts to show that the statute of limitations should be tolled. (*See* Docket No. 251, Order at 11:18-22:2.) Stroud renews his motion to dismiss these claims, and he argues that the Estate still fails to allege sufficient facts to establish the statute of limitations should be tolled.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTF v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

---

[1] It does not appear that the Estate's claims are premised on items listed in Exhibits A and B to the Property Settlement Agreement.

2

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff may not merely allege conduct that is conceivable, but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reaosnable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss, Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Denies Stroud's Motion.**

The Estate's claims for conversion and replevin each are governed by a three year statute of limitations period that accrues at the time of the wrongful act. Cal. Code Civ. P. § 338(c). Specifically, a claim for conversion is triggered by the act of wrongfully taking the property at issue. *See, e.g., AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006). Similarly, in a claim for replevin, "the statute of limitations runs from the time of the wrongful taking of possession or the illegal exercise of dominion over the property." *Reed v. Molony*, 38 Cal. App. 2d 405, 411 (1940).

Stroud argues that these causes of action are barred, because they accrued no later than 1972, when the couple finalized the Property Settlement Agreement. The Estate argues that the claims are timely, because they did not accrue until 2008. In the alternative, the Estate argues that the statutes of limitations should be tolled, because it could not have discovered the factual basis for the claims until 2010, when the magazine article disclosed that Stroud possessed a

3

cache of Simone Materials. Because the Court finds the latter argument persuasive, it does not reach the former.

Under the delayed discovery rule, "the statute of limitations does not commence to run until the aggrieved party discovers or ought to have discovered the existence of the cause of action ...." *AmerUS Life Ins.*, 143 Cal. App. 4th at 639. In order to invoke the rule, a plaintiff must allege facts that show a defendant either (1) fraudulently concealed the relevant facts, or (2) failed to disclose the relevant facts in violation of a fiduciary duty to the plaintiff. *Id.* Under either California or federal authority, the plaintiff must plead with particularity the facts which give rise to the claim of fraudulent concealment." *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 120 (9th Cir. 1980).

To establish fraudulent concealment, the complaint must show: "(1) when the fraud was discovered; (2) the circumstances under which [the fraud] was discovered; and (3) that the plaintiff was not at fault for failing to discover [the fraud] or had no actual or presumptive knowledge of fact sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974). The Estate alleges that it discovered the fraud on or about July 1, 2010, when the magazine article was published, in which it was revealed that Stroud possessed an undisclosed "cache" of Simone Materials. (FACC ¶¶ 10, 16, 19-23, 58-62, 76-81.) The focus of the parties' dispute is whether the Estate alleges facts to establish it could not have discovered these facts sooner.

Under California law, "it is well established that, before a plaintiff may be held chargeable with want to diligence in failing sooner to discover the truth, he must have been under a duty to make the discovery." *Baker*, 39 Cal. App. 3d at 321. Arguably, as the Estate's administrator, Kelly had a duty to marshal Estate assets. *See, e.g., Graybiel v. Burke*, 124 Cal. App. 2d 255, 262 (1954) ("An adminstrator['s] ... duty is to marshal the decendent's assets, apply the part of them needed to pay [her] debts, and pass the residue to [her] heirs ...."). However, where, as here, there are allegations that the party making fraudulent representations is in a fiduciary relationship with the plaintiff, "it is recognized that ... facts which would ordinarily require investigation may not excite suspicion, and that the same degree of diligence

4

is not required." *Sears, Roebuck & Co. v. Blade,* 139 Cal. App. 2d 580, 590-91 (1956) (quoting *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 440 (1945)). It is undisputed that Stroud is Kelly's father, and the Estate alleges that after Ms. Simone's death, he advised Kelly in her efforts as Administrator of the Estates. On these facts, the Court concludes that the Estate has alleged facts demonstrating a fiduciary duty. *See, e.g, Estate of Gelonese*, 36 Cal. App. 3d 854, 863 (1974) (citations omitted). The Estate also alleges that prior to 2008, Stroud never disclosed to Kelly that he had these materials in his possession, and that when he advised her in 2008 that he had two Simone diaries, he failed to make a full and fair disclosure of the other materials in his possession.

On these facts, the Court concludes that the Estate has alleged sufficient facts to show that the discovery rule applies to toll the statute of limitations as to the claims for conversion and replevin, and the Court denies Stroud's motion to dismiss. However, this ruling should not be construed to preclude Stroud from raising the issue of statute of limitations in the context of a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Stroud's motion to dismiss the claims for conversion and replevin.

**IT IS SO ORDERED.**

Dated: August 10, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE