UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN,<br><br>       Plaintiff,<br><br>   v.<br><br>ANDREW B. STROUD,<br><br>       Defendant.<br>_____/ | No. C-08-02348 JSW (DMR)<br><br>**ORDER REGARDING JULY 27, 2011 JOINT DISCOVERY LETTER AND OTHER DISCOVERY DISPUTES** |

    Before the court is the July 27, 2011 joint discovery letter submitted by Plaintiff Steven Ames Brown and Defendant Andrew B. Stroud setting forth the parties' dispute regarding Plaintiff's fifth set of Requests for Admissions [Docket No. 301]. Also before the court are other discovery disputes described in the parties' July 29, 2011 Joint Subsequent Case Management Statement, as well as the Honorable Jeffrey S. White's subsequent referral of this matter for a Report and Recommendation regarding the length of an appropriate continuance in case deadlines [Docket Nos. 302, 303]. The court conducted a hearing on September 22, 2011, during which the parties were given an opportunity to present their arguments. This Order summarizes the rulings made by the court on the record during the September 22, 2011 hearing.

**I.    Plaintiff's Fifth Set of Requests for Admission**

    Plaintiff Brown's request for an order compelling further responses to his fifth set of

Requests for Admission ("RFAs") to Defendant Stroud, Nos. 1, 2, 3, and 4, is GRANTED. Defendant Stroud is ordered to serve amended responses to the RFAs by no later than September 29, 2011. Any amended response must be substantially justified or sanctions may be imposed. *See* Fed. R. Civ. P. 37(a)(5). The court notes that Defendant Stroud has reserved objections to each RFA at issue regarding the authenticity of the recordings submitted by Plaintiff Brown with his fifth set of RFAs, and Plaintiff may not use any responses to these RFAs by Defendant without authenticating the recordings.

**II.     Other Discovery Issues**

Counsel for the parties are directed to appear on **October 6, 2011 at 9:30 a.m.**, in the judicial conference room (adjacent to Magistrate Judge Ryu's chambers) on the second floor at the U.S. District Court, 1301 Clay Street, Oakland, California 94612, and shall be prepared to spend the entire day meeting and conferring, if necessary. Dorothy M. Weber, counsel for Counter-Defendant, the Estate of Nina Simone, may appear by telephone. Counsel shall meet and confer to create an annotated stipulated inventory of disputed recordings which shall include the current location of each recording and shall also indicate whether a recording has been produced for inspection and the date of such production. The Estate of Nina Simone and Defendant Stroud shall also meet and confer regarding any issues pertaining to discovery propounded by the Estate of Nina Simone on Stroud.

As noted at the September 22, 2011 hearing, the parties shall complete the creation of a fully annotated stipulated inventory notwithstanding disputes regarding whether certain recordings fall within the scope of outstanding discovery requests. Any remaining disputes regarding the scope of discovery shall be submitted to the court by joint letter no later than October 20, 2011. In the event Defendant Stroud produces any additional recordings, Melissa Newel, counsel for Defendant Stroud, is ordered to assist Defendant Stroud in person in New York in identifying and producing additional recordings in his possession.

By no later than **October 3, 2011**, the parties shall e-file a joint submission to the court in which each party shall set forth the following information with reasonable specificity: the subject matter of discovery each party believes they need going forward; the discovery tools to be used to

1 obtain such discovery; and a time estimate for all such discovery, with detailed explanations for the
2 time estimates. The court will review the submission in preparing a Report and Recommendation to
3 Judge White regarding a proposed discovery schedule.

4 Starting on November 1, 2011, the parties shall e-file a joint report on the first court day of
5 each month that sets forth the status of discovery. The joint report shall include information about
6 what discovery has taken place during the previous month, what discovery remains outstanding, and
7 any remaining discovery the party anticipates taking. The parties shall also include an update on
8 any outstanding discovery disputes, including dates scheduled for the involved parties to meet and
9 confer and anticipated dates of submission of joint discovery letters detailing the dispute.

11 IT IS SO ORDERED.

13 Dated: September 26, 2011



DONNA M. RYU
United States Magistrate Judge