UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, | No. C-08-02348 JSW (DMR) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE CASE MANAGEMENT SCHEDULE** |
| v. | |
| ANDREW B. STROUD, | |
| Defendant. _____/ | |

The parties requested that the Honorable Jeffrey S. White continue the current case management schedule, including discovery deadlines. [Docket No. 302 at 2.] Judge White referred the matter to this court to prepare a report and recommendation "regarding the length of an appropriate continuance." [Docket No. 303.] This court held a hearing on the matter on September 22, 2011, and ordered the parties to submit a joint report by October 3, 2011 providing detailed descriptions of the discovery each party needs in this case, including time estimates for all discovery. [Docket Nos. 335 and 336.] The parties submitted the joint report on October 3, 2011. Having reviewed all submissions, the court makes the following recommendations.

Under the current case management schedule, the last day for non-expert discovery is January 31, 2012. The last day to disclose experts is December 1, 2011, and the last day for expert discovery is March 30, 2012. A five-day trial is scheduled to start on July 30, 2012. [Docket No. 265.]

This litigation involves the rights to over 160 Nina Simone recordings and works, many of which are decades old. The case was filed in May 2008. A number of factors have contributed to the already lengthy pendency of this case. The parties and the pleadings have been in flux since the case was filed. The Estate of Nina Simone was not joined until July 2009 [Docket No. 72], and Sony Music Entertainment was not joined until October 2009 [Docket No. 82]. The parties have filed more than ten separate motions to dismiss. Most recently, Defendant Stroud filed his fourth amended counterclaims [Docket No. 297] in July 2011, adding yet another new party, Andy Stroud Inc. On October 3, 2011, the court entered an order granting Brown and the Estate's motion to dismiss the fourth amended counterclaims by Defendants Stroud and Stroud Productions & Enterprises with prejudice, and dismissing the claims brought by Andy Stroud Inc. [Docket No. 337.]

The discovery process has also been marked by delay. Pursuant to the Standing Order of the previous presiding judge, the Hon. Vaughn R. Walker, the parties were required to seek leave before filing any discovery motions, which delayed resolution of several discovery disputes for a significant period of time. The matter was referred to the undersigned for discovery purposes on May 28, 2010, two years after the original complaint was filed. Since that date, this court and Judge Walker have issued a number of orders resolving various discovery disputes.

In June 2010, Judge Walker issued an order specifying the titles of the Nina Simone performances at issue. [Docket No. 154.] On August 24, 2010, this court held that the scope of discovery would be limited to those recordings identified by Judge Walker in the June 2010 order, and ordered Defendant Stroud to produce all responsive documents, masters, and tangible items requested by Brown. [Docket No. 204.] Although the court orders narrowed the scope of discovery, they did not fully resolve the issue of the production of the disputed recordings. In January 2011, Judge Walker issued an order on Plaintiff Brown's request for sanctions against Defendant Stroud and his counsel regarding their alleged failure to meet and confer regarding the production of the disputed recordings, in which he pointed out that both parties were "equally to blame" for failing to comply with the undersigned's August 2010 order. [Docket No. 251 at 27.]

In addition, there have been a number of motions to compel responses to discovery filed in this case, all against Stroud. The court has found in favor of the moving parties in virtually all instances. *See, e.g.*, Docket No. 204 (Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Document Production and Motion to Compel Further Interrogatory Responses); Docket No. 335 (Order Regarding July 27, 2011 Joint Discovery Letter).

Recently, the undersigned ordered that the parties meet and confer on October 6, 2011 at the courthouse in order to produce a definitive stipulated inventory of all disputed works, including their current location and whether they have been tendered for copying. Although this meeting generally was productive, the process suffered another setback when it was revealed that Defendant Stroud had transferred the Nina Simone works in his possession to a third party through an October 1, 2011 sale agreement. Concerned about possible gamesmanship on Defendant Stroud's part, the undersigned issued an Order to Show Cause on November 3, 2011 as to why Stroud and/or his counsel should not be sanctioned for violation of court orders to produce the disputed recordings and failure to meet and confer in good faith. The undersigned has also ordered Stroud and his counsel to submit detailed information regarding this abrupt and unexpected turn of events so that the parties may finally finish the process of identifying the location and condition of the recordings at issue in order to move the process of production along. [Docket No. 344.]

In light of the foregoing, the undersigned recommends a further extension of one year for fact discovery, followed by 60 days for expert discovery, with a trial date in late Spring 2013. The court makes this recommendation for the following reasons. The location and condition of many of the disputed works are still at issue, although the parties should now be close to reaching a definitive understanding of these basic facts. Many of the works may be in fragile or compromised condition. Once the works have been located and produced, it will likely take several months or more for the recordings to be copied, and if necessary, restored to prevent further damage. From that point, it will likely take many months for the parties to litigate the dates of fixation, dates of creation of derivative works, existence and extent of any alterations, and chains of title to the recordings. This process may well involve third party discovery; many of the works are several decades old, adding layers of complication to locating production and title-related documents. Given the nature of the

litigation, expert discovery is also highly likely. Finally, the normal pace of discovery has been somewhat impeded and will continue to be impeded by the fact that Defendant Stroud is elderly, suffers from a severe heart condition, and has been hospitalized for long periods of time during this litigation. Most recently, Defendant Stroud was hospitalized for over twelve weeks from April through July 2011. *See* Docket 302 at 9-10.

In sum, the court recommends a fact discovery cut-off date of November 9, 2012, and an expert discovery cut-off date of January 8, 2013.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

Dated: November 7, 2011

IT IS SO ORDERED

DONNA M. RYU
United States Magistrate Judge