UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, | No. C-08-02348 JSW (DMR) |
| Plaintiff, | **ORDER RE PARTIES' JANUARY 3, 2012 DISCOVERY STATUS REPORT** |
| v. | |
| ANDREW B. STROUD, | |
| Defendant. | |
| _____/ | |

The court is in receipt of the parties' January 3, 2012 joint discovery status report. [Docket No. 358.] As a preliminary matter, the court notes that its November 3, 2011 Order [Docket No. 345] modified an earlier Order directing the parties to file a joint report on the first court day of each month setting forth the status of discovery [Docket No. 335]. To clarify, the purpose of the monthly status report is to apprise the court of the discovery that has taken place during the previous month, what discovery remains outstanding, and any remaining discovery the party anticipates taking. It is *not* a forum to present discovery disputes. To the extent that discovery disputes arise, the parties are ordered to follow the procedure set forth in the court's March 11, 2011 Notice of Reference and Order Re Discovery Procedures [Docket No. 266].

Having reviewed the status report, as well as Defendant Stroud's response to the court's November 3, 2011 Order to Show Cause [Docket No. 344] and Counter-Defendant the Estate of Nina Simone's response thereto [Docket No. 351], the court hereby orders the following:

In ruling on Plaintiff Brown's June 2010 Motion to Compel, this court previously determined that the scope of discovery "shall include all Nina Simone recordings listed with a date of fixation in the June 11, 2010 Order, as well as all Nina Simone recordings of any song title in the June 11, 2010 Order where the date of fixation is not listed." (Aug. 24, 2010 Order at 8 [Docket No. 204].) Accordingly, with respect to Plaintiff's motion to compel further responses to Requests for Production 7 and 9, the court ruled that "Stroud shall produce all responsive documents, masters (or best copies where the master is unavailable), and tangible items indicated in Request for Production No. 9 in his possession, custody, or control that pertain to any recording listed with a date of fixation on the June 11, 2010 Order, or that pertain to any recording of a song title listed on the June 11, 2010 Order without a date of fixation, in which Stroud and/or Stroud Productions & Enterprises has claimed any interest at any point in time. This includes any such recordings in which Stroud and/or Stroud Productions & Enterprises has claimed an interest that was subsequently transferred to a third party." *Id*. at 9.

It appears that Defendant Stroud is arguing that certain recordings in his possession -- "whether it is a tape of a Nina Simone home rehearsal that Stroud has never marketed or any other non-commercial recording that Stroud has never copyrighted or claimed an interest" (Def.'s Resp. to Order to Show Cause at 4) -- do *not* fall within the scope of the court's August 24, 2010 Order and thus were not produced for inspection and copying, and may have been sold to third party ICU Ent. Dist. ("ICU"). To the extent that Defendant Stroud is making this argument, he is ordered to submit a letter brief that does not exceed three pages by **no later than January 13, 2012** explaining and supporting this position. Defendant Stroud shall set forth with specificity which recordings he contends are not covered by the court's Order regarding the scope of discovery and thus have not been produced. Defendant Stroud shall also clarify which, if any, recordings that fall into this category have been sold to third party ICU and are no longer in his possession, custody, or control. Plaintiff Brown, the Estate of Nina Simone, and Sony Music Entertainment may file a joint reply to Defendant Stroud's submission that does not exceed three pages by **no later than 12:00 p.m. on January 18, 2012**.

2

Counsel for the parties are directed to appear on **January 19, 2012 at 10:00 a.m.** in Courtroom 4 at the U.S. District Court, 1301 Clay Street, Oakland, California 94612, and shall be prepared to spend the entire day meeting and conferring, if necessary, to create two updated annotated stipulated inventories of disputed recordings. Dorothy M. Weber, counsel for the Estate of Nina Simone, may appear by telephone.

**Inventory A:** the first inventory shall include all of the disputed recordings specified in the court's June 11, 2010 Order [Docket No. 154], which formed the basis for the parties' September 2, 2010 joint Stipulation of Disputed Recordings [Docket No. 206], and appears to form the basis for Exhibit M to the November 23, 2011 Declaration of Melissa Newel in Support of Response to Order to Show Cause [Docket No. 347-2]. The inventory shall be alphabetized by song title and numbered, and at a minimum, shall include the following information: song title; the date of fixation, if any; any and all physical locations of the recording, including box number(s); and if the recording has been produced for inspection, the production date.

Consistent with this court's August 24, 2010 Order, the scope of discovery includes *all versions* of titles listed on the parties' September 2, 2010 joint Stipulation of Disputed Recordings that do not have a specific fixation date (e.g., "1969" or "Pre 2/15/72"). Therefore, if there are multiple recordings of a particular title with no fixation date, each version must have a separate entry on the inventory. Similarly, if there are multiple versions of a disputed recording with a specific date of fixation, each version must have a separate entry. In other words, multiple recordings of one song title *may not* be grouped together in the same entry.

**Inventory B:** to the extent that the Estate of Nina Simone has put additional recordings at issue in this litigation, beyond those specified in the court's June 11, 2010 Order and set forth in the parties September 2, 2010 joint Stipulation of Disputed Recordings (*see* Sept. 2, 2010 Submission of Counter-Def. the Estate of Nina Simone's Pursuant to the Order of the Court Dated June 11, 2010 and exhibits thereto [Docket Nos. 205, 205-1, 205-2]), the parties shall create a *separate* annotated stipulated inventory of those recordings, complete with the same information set forth above. If there is overlap with the recordings that appear on Inventory A, Inventory B shall indicate those recordings which appear on both inventories.

3

The parties have failed to provide the status of production and copying of the recordings already produced by Defendant Stroud. By **no later than January 13, 2011,** the parties shall submit a joint letter, not to exceed three pages, that sets forth the status of the inspection and copying of *all* recordings in Defendant Stroud's counsel's possession in Berkeley, California.

Finally, by **no later than January 20, 2012,** Defendant Stroud shall submit a letter from his primary care physician, Rachel B. Rosansky, M.D., providing her medical opinion regarding Defendant Stroud's physical capacity to be deposed in this action. Specifically, Dr. Rosansky shall provide her opinion regarding 1) whether Defendant Stroud must be deposed at his home or may be deposed at another location; 2) the maximum length of time during which Defendant Stroud may be deposed on any one day, including any breaks; and 3) how often Defendant Stroud would need to take a break during the deposition and the necessary duration of any such breaks.

IT IS SO ORDERED.

Dated: January 5, 2012

DONNA M. RYU
United States Magistrate Judge

4