UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW B. STROUD,<br><br>  Defendant.<br>_____/ | No. C-08-02348 JSW (DMR)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Before the court is the parties' joint letter regarding a dispute over Defendant Stroud's request for issuance of a protective order in the form of a nondisclosure agreement as to recordings which have never previously been released to the public, a recording company or distributor. Doc. no. 399. Having considered the letter brief, the court finds that this matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). The court hereby DENIES Stroud's motion for a protective order.

**I.  BACKGROUND**

Following an April 29, 2011 discovery hearing, the Court ordered Stroud to produce authenticated copies of four Nina Simone tracks entitled "Love Me or Leave Me," "Don't Explain," "This Year's Kisses," and "Strange Fruit." Stroud subsequently filed a motion for protective order to limit the use of copies of those tracks to purposes necessary for this litigation, arguing that there was good cause for the issuance of the protective order, that is, to "prevent any commercial exploitation of the recordings ... [given] that the heart of this action is the parties' cross-claims of copyright

infringement..." Doc. no. 292 at 3. By order entered June 14, 2011, the court denied Stroud's motion for protective order regarding the use of those four recordings. Doc. no. 293.

Stroud now seeks entry of a protective order to limit the use and distribution of additional recordings that he expects to produce in compliance with the court's order regarding discoverable recordings that were not produced by Stroud as required by an earlier order of the court. *See* doc. no. 364. Stroud's motion for protective order is opposed by Plaintiff Brown and Counterplaintiff Estate of Nina Simone and by Reply Counterdefendant Sony Music. Doc. no. 399.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) governs the process for obtaining a protective order:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
> ...
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way ....[1]

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *Navarro v. Eskanos & Adler*, 2007 WL 902550, *2-3 (N.D. Cal. March 22, 2007) (same). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *Phillips*, 307 F.2d at 1211.

---

[1] The Ninth Circuit has held that Rule 26(c) should not be read to limit the type of information that may be subject to a protective order. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002) (Rule 26(c) gives district courts broad latitude to grant protective orders to prevent disclosures of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development or commercial information; trial courts have substantial latitude to fashion protective orders.).

### III. DISCUSSION

Stroud seeks a protective order to limit the use and distribution of additional recordings to be produced pursuant to the court's ruling at the January 19, 2012 discovery hearing. *See* doc. no. 364. Stroud contends that the recordings at issue have never been released to the public or to any record company or distributor, and either came from Nina Simone's rehearsal of songs in the home recording studio which she shared with her then-husband Stroud or were copies of live performances that her fans provided to her or that her management team retrieved. Stroud contends that without a protective order, he will suffer prejudice from the potential commercial exploitation of these never-released recordings by the other parties to the litigation, which could result in diminished value of the recordings. Doc. no. 399 at 2.

As the court held in its order denying Stroud's earlier motion for a protective order, this does not constitute "good cause" in the context of this case. *See* doc. no. 293 at 4. As the court noted in that order, the protective order proposed by Stroud may interfere with ongoing and assertedly legal commercial exploitation by Stroud's opposing parties. Although Stroud has not specifically identified all the recordings at issue in the current dispute, Stroud contends that these recordings have never been in the public domain, or provided to a record company or distributor, such that these recordings have not previously been lawfully exploited by Sony Music or by Plaintiff Brown and/or the Estate. Doc. no. 399 at 2. Despite Stroud's contention that a protective order restricting disclosure or use of these recordings would not cause prejudice to the other parties, Sony Music claims ownership of, at a minimum, any recording made by Nina Simone during time periods covered by contract with Sony Music's predecessor-in-interest, RCA. Further, Plaintiff Brown and the Estate point out that a protective order prohibiting Plaintiff or the Estate from exploiting these recordings could put them, as successors, at risk of breach of the warranties in Nina Simone's artist agreements with four different record labels, including RCA, regardless of whether these were rehearsal or bootlegged recordings. The protective order sought by Stroud would potentially restrict lawful use of recordings, including those that have already been or are being exploited currently by Sony Music. Plaintiff and the Estate further argue that Stroud failed to identify these recordings in the stipulation, required by the court, which identified the musical recordings in which Stroud

claimed ownership, and should be precluded from asserting an interest in those recordings that are not listed in the governing stipulation. Doc. no. 399 at 5-6. Although the court need not reach the question whether Stroud is precluded from asserting any ownership interest in these recordings, the court determines that Stroud fails to demonstrate good cause for issuance of a protective order.

Given the lengthy history of disputes over the authenticity of certain recordings and verification of ownership, the court determines that a protective order is not warranted here. However, all parties are cautioned that because ownership is in dispute, they must exercise great caution with respect to using or releasing the recordings at issue. The court notes that in its order denying Stroud's earlier motion for protective order, the court indicated that his request for protective order "would carry some of the attributes of a preliminary injunction without Stroud having met the rigorous standards for obtaining such an order. If Stroud wishes to restrain usage of the four works by the opposing parties, he has the ability to move for an injunction pursuant to Federal Rule of Civil Procedure 65." Doc. no. 293 at 4. Stroud similarly may seek appropriate relief, as needed, with respect to the recordings currently at issue by making the showing necessary for issuance of a preliminary injunction.

### IV. CONCLUSION

For the foregoing reasons, Stroud's request for a protective order is denied. Stroud is hereby ordered to produce the recordings at issue without further delay.

IT IS SO ORDERED.

Dated: April 26, 2012

DONNA M. RYU
United States Magistrate Judge

4