**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN AMES BROWN, et al.,

    Plaintiffs,

  v.

ANDREW B. STROUD, et al.,

    Defendants
_____/

ANDREW B. STROUD, et al.,

    Plaintiffs,

  v.

CASTLE ROCK ENTERTAINMENT, et al.,

    Defendants
_____/

LISA SIMONE KELLY,

    Plaintiff,

  v.

WALLY ROKER, et al.,

    Defendants
_____/

No. C 08-02348 JSW
No. C 09-03796 JSW
No. C 11-05822 JSW

**ORDER REGARDING (1) MOTION TO WITHDRAW AS COUNSEL, (2) REFERRAL OF DISCOVERY, AND (3) CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

Now before the Court is the motion to withdraw as counsel for Scarlett Stroud as representative of the estate of Andrew B. Stroud,[1] Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. filed by Methen & Associates. No objections have been filed, although Steven Ames Brown and the Estate of Nina Simone filed a document requesting that some conditions be imposed on the withdrawal.

The Court HEREBY GRANTS the motion to withdraw. However, this withdrawal does not relieve Methven & Associates from any sanctions imposed upon it. Moreover, as discussed below, the grant of this motion is conditioned upon continued receipt of service.

Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. are corporations and, thus, cannot represent themselves. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); Civil Local Rule 3-9(b). Neither Andy Stroud, Inc. nor Stroud Productions and Enterprises, Inc. have filed substitutions of counsel, despite having notice of the motion to withdraw. Therefore, the Court HEREBY ORDERS Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. TO SHOW CAUSE ("OSC") as to whether they intend to find alternate counsel and, if not, why judgement should not be entered against them on the claims against them and why their affirmative claims should not be dismissed for failure to prosecute. Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. shall respond in writing to this OSC by no later than November 21, 2012. If Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. need more time to find an attorney to provide a response to this OSC, the Court will consider such a request. Methven & Associates shall serve this Order on Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. and file a proof of such service by no later than November 2, 2012.

Where, as here, withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel, leave to withdraw may be subject to the

---

[1] Methven & Associates actually moved to withdraw as counsel for Andrew B. Stroud. However, since the motion to withdraw was filed, Andrew B. Stroud passed away and the Court substituted in Scarlett Stroud as the representative for the estate of Andrew B. Stroud.

2

condition that papers continue to be served on counsel unless and until the client appears by other counsel. *See* Civ. L.R. 11-5(b) (stating that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel . . . leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel). Therefore, the Court the grants of Methven & Associates's motion to withdraw upon the condition that Methven & Associates continue to receive service of all documents for Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. in this action until substitute counsel makes an appearance or until Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. are terminated as parties from this action.

With respect to Scarlett Stroud, it is not yet clear whether she may proceed *pro se* or must retain counsel in order to appear on behalf of the estate of Andrew B. Stroud. An attorney must represent a personal representative of an estate where the estate has multiple beneficiaries and creditors. *See Simon v. Harford Life, Inc.,* 546 F.3d 661, 664 (9th Cir.2008) ("... courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Pridgen v. Andresen,* 113 F.3d 391, 393 (2nd Cir. 1997); *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (a claimant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (quotation omitted); *see also C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee attempting to represent a trust *pro se* was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted).

Scarlett Stroud is Ordered to Show Cause ("OSC") in writing whether she intends to appear *pro se* or through new counsel. If she intends to proceed *pro se*, she must demonstrate that she is the sole beneficiary to the estate of Andrew Stroud and that there are no other beneficiaries or creditors. Ms. Stroud shall provide this statement, and supporting evidence, by

1  no later than November 21, 2012.[2]  If she intends to obtain new counsel, she shall state by when

2  such counsel will make an appearance on behalf of the estate.  Moreover, if she intends to

3  obtain new counsel, and such counsel does not file an appearance by November 21, 2012, Ms.

4  Stroud shall demonstrate good cause for any delay beyond this date.  Ms. Stroud is admonished

5  that her failure to timely respond to this OSC, and obtain new counsel if necessary, will result in

6  dismissal of the estate's affirmative claims for failure to prosecute and judgment being entered

7  against the estate on the claims against it.

8  Pursuant to Northern District Civil Local Rule 11-5(b), Methven & Associates's

9  withdrawal is conditioned upon Methven & Associates continued receipt service of all

10  documents in this action for the estate of Andrew B. Stroud until substitute counsel makes an

11  appearance or Scarlett Stroud demonstrates that she is authorized, and elects, to proceed *pro se*,

12  or until the estate of Andrew B. Stroud is terminated as a party from this action.

13  The Court further notes that Steven Ames Brown filed a declaration stating that the

14  estate has not yet paid the sanctions imposed against it.  However, because Ms. Stroud and the

15  estate has been represented by Methven & Associates until the date of this Order, and Methven

16  & Associates has had difficulty communicating with Ms. Stroud, it is not clear whether Ms.

17  Stroud received notice of this deadline to pay the sanctions.  The Court hereby orders Ms.

18  Stroud to pay the sanctions imposed against Andrew B. Stroud by no later than November 21,

19  2012.  Ms. Stroud is admonished that her failure to comply with this order may result in further

20  sanctions being imposed, including an order of contempt.

21  Methven & Associates shall serve this Order on Scarlett Stroud and file a proof of such

22  service by no later than November 2, 2012.

23  The Court HEREBY ADVISES Ms. Stroud that a Handbook for Pro Se Litigants, which

24  contains helpful information about proceeding without an attorney, is available through the

25  Court's website or in the Clerk's office.  Ms. Stroud also may wish to seek assistance from the

---

[2] If Ms. Stroud is authorized, and elects, to proceed *pro se*, parties are advised that this matter will not be excluded from the e-filing program, but that they are required to serve paper copies by mail on all unrepresented parties.  Scarlett Stroud, so long as she remains unrepresented, shall file and serve all submissions to the Court in paper form unless prior leave of Court is obtained.

4

Legal Help Center, and can do so by calling the Legal Help Center at 415-782-9000, extension 8657, or by signing up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

The Court FURTHER ORDERS that pursuant to Local Rule 72-1, all discovery disputes in *Kelly v. Roker*, Case No. 11-5822, are HEREBY REFERRED to Magistrate Donna M. Ryu, along with the other above-captioned related cases. Additionally, the case management conference scheduled for November 9, 2012 is CONTINUED to December 7, 2012 at 1:30 p.m. Counsel for the estate of Nina Simone, Dorothy Weber, may appear by telephone, provided that she file a document with a direct land line number at which she will be available for the case management conference by no later than November 30, 2012.

**IT IS SO ORDERED.**

Dated: October 31, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Magistrate Referral Clerk