IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, et al., | |
| Plaintiffs, | No. C 08-02348 JSW |
| v. | No. C 09-03796 JSW |
| ANDREW B. STROUD, et al., | No. C 11-05822 JSW |
| Defendants / | **ORDER DENYING REQUEST FOR EXTENSION AND IMPOSING SANCTIONS** |
| ANDREW B. STROUD, et al., | |
| Plaintiffs, | |
| v. | |
| CASTLE ROCK ENTERTAINMENT, et al., | |
| Defendants / | |
| LISA SIMONE KELLY, | |
| Plaintiff, | |
| v. | |
| WALLY ROKER, et al., | |
| Defendants / | |

In an Order dated October 31, 2012, over three months ago, the Court granted a motion to withdraw as counsel and admonished the parties that Andy Stroud, Inc. ("ASI") and Stroud Productions and Enterprises, Inc. ("SPE") are corporations and, thus, cannot represent

themselves. The Court ordered ASI and SPE to show cause as to whether they intended to find alternate counsel and, if not, why judgement should not be entered against them on the claims against them and why their affirmative claims should not be dismissed for failure to prosecute. ASI and SPE were ordered to respond in writing by no later than November 21, 2012. The Court informed ASI and SPE that if they needed more time to find an attorney to provide a response to this OSC, the Court would consider such a request. (Docket No. 483 in *Brown v. Stroud*, No. C. 08-2348.) Neither ASI nor SPE responded to the Order to Show Cause or requested an extension by the deadline of November 21, 2012

With respect to Scarlett Stroud as the representative of the estate of Andrew Stroud ("Ms. Stroud"), the Court noted that it was not yet clear whether she could proceed *pro se* or needed to retain counsel in order to appear on behalf of the estate. The Court informed Ms. Stroud that an attorney must represent a personal representative of an estate where the estate has multiple beneficiaries and creditors. Ms. Stroud was Ordered to Show Cause ("OSC") in writing whether she intended to appear *pro se* or through new counsel. If she intended to proceed *pro se*, Ms. Stroud was directed to demonstrate that she was the sole beneficiary to the estate of Andrew Stroud and that there were no other beneficiaries or creditors. Ms. Stroud was ordered to provide this statement, and supporting evidence, by no later than November 21, 2012. Alternatively, if Ms. Stroud intended to to obtain new counsel, she was orded to state by when such counsel will make an appearance on behalf of the estate. Moreover, the Court informed Ms. Stroud that if she intended to obtain new counsel and such counsel did not file an appearance by November 21, 2012, Ms. Stroud was ordered to demonstrate good cause for any delay beyond this date. Ms. Stroud was admonished that her failure to timely respond to the OSC, and obtain new counsel if necessary, would result in the dismissal of the estate's affirmative claims for failure to prosecute and judgment being entered against the estate on the claims against it. (*Id*.)

The Court further ordered Ms. Stroud to pay the sanctions imposed against Andrew B. Stroud by no later than November 21, 2012. Ms. Stroud was admonished that her failure to comply with that order could result in further sanctions being imposed, including an order of

contempt. (*Id*.) Ms. Stroud did not respond to the OSC or pay the sanctions by the deadline of November 21, 2012.

In a Order dated January 17, 2013, the Court noted sanctions were warranted against ASI, SPE and Ms. Stroud as the representative of the estate of Andrew Stroud, both due to their failure to respond and, based on their lack of representation by counsel, their inability to proceed in Court. However, the Court found that it had not provided sufficient notice of the precise sanction it would impose. Therefore, the Court issued a further Order to Show Cause ("OSC") to ASI, SPE and Ms. Stroud to demonstrate in writing by no later than February 5, 2013 why the answers filed by ASI, SPE, and Andrew Stroud should not be stricken and default be entered against ASI, SPE, and the Estate of Andrew Stroud. ASI, SPE, and Scarlett Stroud were admonished that their failure to respond to this OSC by February 5, 2013 would result in the answers filed by ASI, SPE, and Andrew Stroud being stricken and default entered against them in the above captioned matters without further notice. Moreover, due to their failure to respond to the OSC issued on October 31, 2012, and their inability to litigate due to their lack of representation, or, in the case of Scarlett Stroud, her failure to demonstrate that she is authorized to represent the Estate of Andrew Stroud on a *pro se* basis, the affirmative claims by ASI, SPE, and the Estate of Andrew Stroud in the above captioned matters would be dismissed for failure to prosecute without further notice. (Docket No. 497 in *Brown v. Stroud*, No. C. 08-2348.)

On November 1, 2012, copies of the OSC dated October 31, 2012 were mailed to ASI, SPE and Ms. Stroud and to W. Charles Robinson. On January 18, 2013, copies of the OSC dated January 17, 2013 were mailed to ASI, SPE and Ms. Stroud and to Mr. Robinson. Mr. Robinson was also provided notice of this second OSC by email on January 18, 2013.

Mr. Robinson has represented the Stroud parties in related litigation since August 18, 2010 and has been kept informed of the proceedings in this Court. On August 18, 2010, Mr. Robinson filed an action in New York state court on behalf of Andrew Stroud and Ms. Stroud against Lisa Simone Kelly, the administrator of the Estate of Nina Simone. That action was removed to the United States District Court for the Southern District of New York on October 26, 2010. *See Stroud v. Kelly*, 10 Civ. 8131 (S.D.N.Y 2010) ("New York Action"). On

1 November 24, 2010, Kelly filed a motion to dismiss, transfer or stay the New York Action in
2 light of the previously filed action in this Court, *Brown v. Stroud*, No. C. 08-2348. On February
3 16, 2011, the New York Court stayed the New York Action.

4 On October 1, 2011, ASI executed an agreement with ICU Ent. Dist., owned by Mr.
5 Stroud's friend, Walley Roker, to sell the Nina Simone recordings at issue in these related
6 actions. Andrew Stroud filed a declaration on November 23, 2011 attesting that his New York
7 counsel, Mr. Robinson, assisted him with negotiating and drafting this agreement. (Docket No.
8 347 in *Brown v. Stroud*, No. C. 08-2348.) On November 16, 2011, Mr. Robinson appeared for a
9 deposition in connection with his participation with that agreement. In response to the first
10 question regarding an exhibit, Mr. Robinson said that he was objecting to the deposition on the
11 basis that the subpoena was improperly served and that it was facially defective. Mr. Robinson
12 then stood up and walked out of the deposition. (Docket No. 351 in *Brown v. Stroud*, No. C.
13 08-2348.)

14 Mr. Robinson has also represented Ms. Stroud since July 2012 in the probate
15 proceedings of the estate of Andrew Stroud. (Docket No. 503 at 12-15 in *Brown v. Stroud*, No.
16 C. 08-2348.) On December 7, 2012, Mr. Robinson asked the New York probate court to
17 approve a retainer agreement for him to represent Andrew Stroud, SPE, ASI and Ms. Stroud in
18 her capacity of executrix of the estate. Without describing the decision of the probate court or
19 attaching the order, Mr. Robinson declares a decision was rendered by the probate court on
20 January 8, 2013. (Docket No. 503 at 5 in *Brown v. Stroud*, No. C. 08-2348.) Counsel for the
21 estate of Nina Simone attached an order from the probate court dated December 26, 2012 in
22 which the court denied the application. The probate court noted that fiduciaries have the ability
23 to retain and pay counsel without court authorization and that the request to approve the retainer
24 agreement would be an improper advisory opinion. (Docket No. 508 at 4-5 in *Brown v. Stroud*,
25 No. C. 08-2348.)

26 On the evening before the responses to the second OSC were due, Mr. Robinson filed
27 defective applications to appear *pro hac vice* in the above-captioned matters. Although Mr.
28 Robinson declared under penalty of perjury that an attorney who is a member of the bar of this

4

1  Court was designated as co-counsel, his named co-counsel was not admitted to this Court.
2  (Docket No. 501 in *Brown v. Stroud*, No. C. 08-2348.) In the afternoon of the day the responses
3  to the second OSC were due, Mr. Robinson sought an extension of time, claiming that he was
4  unfamiliar with this litigation and needed thirty days to respond to the OSC. (Docket No. 504
5  in *Brown v. Stroud*, No. C. 08-2348.) The Court notes that responses to the OSC's merely
6  required statements regarding the representation of the parties and an explanation regarding
7  their delay and required Ms. Stroud to pay the long overdue sanctions.

8  Under penalty of perjury, Mr. Robinson declared that he "has only recently become
9  counsel" to Ms. Stroud, ASI, and SPE "in a series of cases that has been ongoing for several
10 years." (*Id*.) The Court finds such statement to be disingenuous at best. Mr. Robinson also
11 declared under penalty of perjury that he spoke with Dorothy Weber, Steven Brown, and Julia
12 Greer who all indicated that they would not stipulate to an extension. *(Id*.) However, Dorothy
13 Weber, counsel for the estate of Nina Simone, Steven Brown, and Julia Greer, counsel for Sony
14 Music, each filed declarations contesting Mr. Robinson's representations. Counsel for Sony
15 Music declared that she never spoke to Mr. Robinson. (Docket No. 508 in *Brown v. Stroud*, No.
16 C. 08-2348.) Counsel for the estate of Nina Simone and Steven Brown both declared that they
17 told Mr. Robinson that while their initial inclination was to decline to stipulate to an extension,
18 they were amenable to meeting and conferring on the issue. Mr. Robinson did not respond to
19 the offer to meet and confer. (*Id*.)

20 In light of Mr. Robinson's long time representation and involvement with Andrew
21 Stroud, Ms. Stroud, ASI, and SPE, there is no excuse for Ms. Stroud's, ASI's, and SPE's
22 continued delay and failure to respond to this Court's Orders. Moreover, the Court notes that
23 despite clear and explicit orders, the sanctions imposed due to Andrew Stroud's inappropriate
24 gamesmanship and conduct designed to obfuscate, delay, and avoid responding to valid
25 discovery requests in bad faith or willful misconduct still have not been paid. The Court is
26 aware that terminating sanctions are severe. However, the Court finds that such sanctions are
27 warranted due to the bad faith of counsel and of the Stroud parties, their repeated
28 gamesmanship and misconduct, their blatant disregard of the Court's orders, the Court's need to

5

manage its docket, and the need to prevent prejudice to the other parties in this litigation who have been diligently attempting to litigate these cases. Accordingly, the Court HEREBY DISMISSES all affirmative claims by the estate of Andrew Stroud, ASI and SPE and STRIKES any answers that have been filed by these parties and ENTERS DEFAULT against them. The parties who were defending claims by the estate of Andrew Stroud, ASI and SPE in the above-captioned matters shall file motions for default judgment by no later than March 15, 2013. Any requests for an extension shall be filed at least five days before the deadline has expired.

**IT IS SO ORDERED.**

Dated: February 14, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE