1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    STEVEN AMES BROWN, et al.,

10              Plaintiffs,                          No.  C 08-02348 JSW

11   v.                                              No.  C 09-03796 JSW

12   ANDREW B. STROUD, et al.,                       No.  C 11-05822 JSW

13              Defendants

14   _____/           **ORDER STRIKING**
                                                     **APPLICATIONS FOR ORDERS**
15                                                   **TO SHOW CAUSE FOR**
                                                     **SANCTIONS**
16   ANDREW B. STROUD, et al.,

17              Plaintiffs,

18   v.

19   CASTLE ROCK ENTERTAINMENT, et al.,

20              Defendants

21   _____/

22   LISA SIMONE KELLY,

23              Plaintiff,

24   v.

25   WALLY ROKER, et al.,

26              Defendants

27   _____/

28         On April 4 and April 12, 2013, the parties filed applications for orders to show cause

regarding sanctions against the opposing parties.   Neither side noticed these applications for a

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   hearing date.  Pursuant to Northern District Civil Local Rule 7-8, any motion for sanctions must

2   filed in accordance with Civil Local Rule 7-2 and noticed for a hearing date at least thirty-five

3   after service of the motion.  Because both of these motions were filed in violation of the Local

4   Rules, the Court HEREBY STRIKES these motions without prejudice to the parties properly

5   filing them in accordance with the Local Rules.  The Court further notes that the application

6   filed by the Estate of Andrew B. Stroud ("Stroud Estate") exceeds the page limits permitted by

7   the Court's Standing Orders.  If the Estate elects to re-file this motion, the Estate is admonished

8   to comply with the Court's Standing Orders.  The Court previously admonished counsel for the

9   Estate, W. Charles Robinson that if he continues to disregard Orders of the Court or not practice

10  with care, the Court will revoke his *pro hac vice* status on behalf of Ms. Stroud and the Estate.

11  The Court reiterates this admonishment.  Although the Court will not lightly revoke his *pro hac*

12  *vice* status, the Court will do so if Mr. Robinson does not comply with all Court orders,

13  including its Standing Orders, and the Civil Local Rules.

14          The Court directs all parties to give serious thought to whether their motions for

15  sanctions should be re-filed.  The Court notes that Steven Ames Brown, the Estate of Nina

16  Simone and Sony Music Entertainment primarily appear concerned with W. Charles Robinson's

17  conduct before the Surrogate Court in New York.  To the extent they believe that Mr. Robinson

18  has deceived the Surrogate Court or otherwise acted improperly in that court, they should bring

19  their motion directly before the Surrogate Court.

20          With respect to the application by the Stroud Estate, much of its assertions relate to

21  statements made in various motions that the Stroud Estate contends are false or misleading in

22  violation of Federal Rule of Civil Procedure 11.  However, a  motion for sanctions under Rule

23  11 may not be filed until twenty-one days after opposing counsel is served with the motion and,

24  thus, given an opportunity to withdraw the offending pleadings.  *See Winterrowd v. American*

25  *General Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (affirming denial of motion for

26  sanctions where moving party failed to provide twenty-one days notice); *see also* Fed. R. Civ.

27  P. 11(c).  The Stroud Estate has not demonstrated that it has complied with this prerequisite.

28

**United States District Court**
For the Northern District of California

1   Moreover, the Court notes that much of what the Stroud Estate contends are "false" statements

2   are merely disagreements with opposing counsels arguments.

3       Additionally, the Court notes that counsel for the Stroud Estate again states in the

4   application that "[a] letter was sent to the court on November 20, 2012 advising the court that

5   no representative had been appointed to represent the Estate." (Application at 2.)  In the Order

6   granting in part and denying in part the motion for leave to file a motion for reconsideration, the

7   Court noted a similar statement by Mr. Robinson.  The Court explained that it had not

8   previously received the letter dated November 20, 2012 and that on November 20, 2012, the

9   Court merely received an email which stated only "FYI" and had an attachment.  The

10  Courtroom Deputy Clerk emailed Mr. Robinson that same day and explained that the

11  attachment could not be opened and that email was not a proper method of communicating with

12  the Court.  The Court stated that it found Mr. Robinson's statement that he informed the Court

13  on November 20, 2012 to be disingenuous.  Moreover, even if the Court had been able to open

14  the attachment from that email, and assuming that the attachment actually was the letter dated

15  November 20, 2012, email is not a proper method of communicating with the Court.  The

16  Court's Standing Order provides that the Court does not accept *ex parte* communications and

17  that with the exception of discovery disputes, it does not accept letters.  (Civil Standing Orders,

18  ¶ 2.)  Mr. Robinson does not appear to be reading the Court's Orders carefully.  To be clear, the

19  Court did not properly receive the letter dated November 20, 2012 until March 18, 2013.  Mr.

20  Robinson is admonished that he shall not continue to represent that the Court was informed of

21  the letter dated November 20, 2012 at any time before March 18, 2013.  Violations of this order

22  will be sanctioned, payable directly by Mr. Robinson.

23      **IT IS SO ORDERED.**

24

25  Dated: April 17, 2013

26  JEFFREY S. WHITE
    UNITED STATES DISTRICT JUDGE

27

28