IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, et al., | |
| Plaintiffs, | No.  C 08-02348 JSW |
| v. | No.  C 09-03796 JSW |
| ANDREW B. STROUD, et al., | No.  C 11-05822 JSW |
| Defendants / | **ORDER REGARDING MOTIONS FOR RECONSIDERATION** |
| ANDREW B. STROUD, et al., | |
| Plaintiffs, | |
| v. | |
| CASTLE ROCK ENTERTAINMENT, et al., | |
| Defendants / | |
| LISA SIMONE KELLY, | |
| Plaintiff, | |
| v. | |
| WALLY ROKER, et al., | |
| Defendants / | |

United States District Court
For the Northern District of California

Now before the Court are the motions for reconsideration filed by Scarlett P. Stroud ("Mrs. Stroud")[1] of the Court's order substituting in Mrs. Stroud for the Stroud Estate. The Court determines that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for May 17, 2013 is HEREBY VACATED.

Mrs. Stroud moves for reconsideration on the basis that she was not properly served and that she was not properly substituted in as the representative of the Stroud Estate.

**A.   Service.**

Federal Rule of Civil Procedure 25 requires that a motion to substitute be served on persons who are not parties to the action in accordance with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 25(a)(3). Rule 4(e) governs service upon individuals within the United States, and it provides that a plaintiff can effect service in a judicial district of the United States by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1).

Mrs. Stroud was served in New York. Pursuant to New York Civil Practice Law and Rules Section 308.4, service is proper if: (1) service under 308.4(1) and (2) has been attempted with due diligence and has been unsuccessful; (2) the document has is affixed to the door of "either the actual place of business, dwelling place or usual place of abode;" (3) the document is mailed to the individual's last known residence or actual place of business; (4) the affixing to the door and the mailing occur within twenty days of each other; and (5) that proof of such service be filed within twenty days of the affixing or mailing, whichever is later. *See* NY CPLR § 308.4. Here, all of these requirements were satisfied.

Steven Ames Brown, the Estate of Nina Simone, Sony Music Entertainment, Castle Rock Entertainment, Inc. Warner Bros. Entertainment, Inc, and Warner Independent Pictures,

---

[1] Despite repeated admonitions that counsel W. Charles Robinson has not properly moved for leave to represent Andy Stroud, Inc. ("ASI") and Stroud Productions and Enterprises, Inc. ("SPE") as *pro hac vice* counsel, Mr. Robinson filed the motions for reconsideration on behalf of Mrs. Stroud in her capacity as Executrix of the Estate of Andrew B. Stroud ("the Stroud Estate"), ASI and SPE. Therefore, the Court will only consider the motion to the extent is filed on behalf of the Mrs. Stroud as the representative of the Stroud Estate.

2

Inc. ("Opposing Parties") have demonstrated that service under CPLR 308.4(1) and (2) was attempted with due diligence. Mrs. Stroud argues that due diligence cannot be shown because no inquiry was made as to whether Mrs. Stroud could have been served at work and because no effort was made to identify a person of suitable age and discretion at the place of abode or place of business. However, courts have held that where some of the attempts of service were made during non-business hours, due diligence has been satisfied. *See Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 717 (S.D.N.Y. 1993) ("More than two attempts, including some that are during non-business hours constitutes due diligence.") The cases upon which Mrs. Stroud relies do not establish a per se requirement to inquire into the place of employment. Rather, they merely hold that when attempts to serve are made at the place of abode "during hours that it reasonably could have been expected that [the persons were] either working or in transit to work," inquiries should have been made into the place of employment. *See Serraro v. Staropoli*, 943 N.Y.S. 2d 201, 203-04 (2012) ("What constitutes due diligence is determined on a case-by-case basis ....") (citation omitted); *Velocity Investments, LLC v. McCaffrey*, 921 N.Y.S. 2d 799 (2011); *Faculty Practice Plan of Long Island Jewish Med. Cntr. v. Guarneri*, 822 N.Y.S. 2d 389, 391 (2006). Here, the process server attempted to effect service by personal delivery at four different times, on Saturday, August 25, 2012 at 7:32 a.m., on August 27, 2012 at 8:40 p.m., on August 28, 2012 at 7:20 a.m., and on August 29, 2012 at 9:18 a.m. (Docket No. 468.) These attempts are sufficient to demonstrate due diligence.

Mrs. Stroud also argues that Opposing Parties fail to demonstrate that they attempted to deliver the documents to a person of suitable age and discretion because they did not leave the documents with the doorman or the superintendent. However, doormen and security guards at multiple-dwelling complexes have been deemed to be of suitable age and discretion only when they block access to the person's actual residence. *See F.I. duPont, Glore Forgan & Co. v. Chen*, 396 N.Y.S.2d 343 (1977); *see also McCormack v. Goldstein*, 611 N.Y.S.2d 185 (1994). Here, access to Mrs. Stroud's actual residence was not blocked, as evidenced by the declaration attesting to the attempts of service and the affixing of the document to Mrs. Stroud's door. (Docket Nos. 464 and 468.)

3

1     Lastly, Mrs. Stroud argues that the proof of service is deficient because the Declaration
2 of Mailing states that the documents were "enclosed in a sealed envelope with postage prepaid
3 for first class mail" and the Proof of Service states that a "Declaration of Mailing via Certified
4 Mail is attached." According to Mrs. Stroud, the terms "certified mail" and "first class mail"
5 are conflicting and thus the proof of service is deficient. However, the use of "certified"
6 services is available for first-class mail and "[is] not prohibited when the mailing is made to the
7 [person's] last known residence. *See Cohen v. Shure*, 548 N.Y.S.2d 696, 698 (1989).
8 Accordingly, service was sufficient. Therefore, the Court denies Mrs. Stroud's motion for
9 reconsideration on this ground.

**B.     Substitution.**

Pursuant to Federal Rule of Civil Procedure 25, a court may order the substitution of a "proper party" for a deceased litigant. Fed. R. Civ. P. 25(a)(1). "[A] proper party under Rule 25 is either a representative of the decedent's estate or the successor of the deceased." *Shapiro v. United States*, 2008 WL 4302614, *1 (S.D.N.Y. Sept. 17, 2008). "[S]tate law governs who can be a 'representative' or 'successor,' and therefore, who can qualify as a proper party for substitution under Rule 25(a)(1)." *In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010) (emphasis omitted).

Under New York law, a "representative" of the deceased party's estate "is a person who has received letters to administer the estate of a decedent." *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004); *see also Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137-38 (E.D.N.Y. 2012) ("Any person to whom letters testamentary have been issued is known as an 'executor' under New York law."). Under New York law, a "successor" is a "'distributee' of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made." *Graham*, 224 F.R.D. at 64; *see also Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y 1986); *Hardy*, 842 F. Supp. at 716-17. The Stroud Estate has not yet been distributed. Therefore, to qualify as a representative, Mrs. Stroud must have received letters to administer the Stroud Estate.

4

The Court substituted in Mrs. Stroud in as a party on October 4, 2012, but the New York Probate Court did not issue letters of testamentary designating Mrs. Stroud as the executor of the Stroud Estate until November 20, 2012. (Declaration of W. Charles Robinson, Ex. D.) Mrs. Stroud does not dispute that she was a proper party, as of November 20, 2012. Rather, she only contests the timing of the substitution. Although the Court's order substituting in Mrs. Stroud was premature, the remedies she seeks are far reaching, especially in light of the fact that she does not dispute that she was a proper party as of November 20, 2012.

As a result of the premature substitution, Mrs. Stroud seeks to vacate all orders issued after October 4, 2012, including (1) the Order issued on October 31, 2012 in which the Court granted the motion to withdraw as counsel and issued Orders to Show Cause ("OSC") to ASI, SPE, and Ms. Stroud; (2) the Further OSC issued on January 17, 2013 to ASI, SPE, and Ms. Stroud; and (3) the Order issued on February 14, 2013 denying the request for an extension and imposing sanctions.

Ms. Stroud does not provide any reason why the order granting the motion to withdraw as counsel should be vacated. Notably, the former counsel filed the motion to withdraw on May 4, 2012, before Andrew B. Stroud passed away. In the motion, former counsel represented that Mr. Stroud consented to the withdrawal. Mr. Stroud never opposed that representation. The mere fact that the hearing on the motion was continued and the motion was not granted until after the motion for substitution was granted does not provide any grounds to vacate that order.

Moreover, the Court did not impose any substantive sanctions against Mrs. Stroud as the representative of the Stroud Estate, ASI, or SPE *until after* Ms. Stroud was a proper party to this action. On January 17, 2013, almost two months after the letters of testamentary were issued, the Court issued a further OSC and provided Mrs. Stroud as the representative of the Stroud Estate, ASI and SPE until February 5, 2013 to demonstrate why the answers filed by ASI, SPE, and Andrew Stroud should not be stricken and default be entered against ASI, SPE, and the Stroud Estate and why the affirmative claims by ASI, SPE, and the Stroud Estate should not be dismissed. The Court did not issue these sanctions until February 14, 2013. Accordingly, although the Court should not have substituted in Mrs. Stroud as the representative of the

5

1 Stroud Estate until November 20, 1013, Mrs. Stroud has not demonstrated why the sanctions
2 issued well after this date should be vacated.  Nor has Mrs. Stroud provided any valid ground
3 for vacating the Order denying a request for an extension.  Therefore, although the Court grants
4 the motion for reconsideration to the extent Mrs. Stroud was substituted in before November 20,
5 2012, the Court denies the motion with respect to the requested remedies.

6 **IT IS SO ORDERED.**

8 Dated: May 8, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE