1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

### NORTHERN DISTRICT OF CALIFORNIA

10

### SAN FRANCISCO DIVISION

11

12   STEVEN AMES BROWN, et al.,

13                   Plaintiffs,

14          v.

15   ANDREW B. STROUD, et al.,

16                   Defendants

No. 08-cv-02348 JSW (NC)
No. 09-cv-03796 JSW (NC)
No. 11-cv-05822 JSW (NC)

**ORDER RE: FURTHER BRIEFING ON THE ISSUE OF SUBJECT MATTER JURISDICTION**

17   ANDREW B. STROUD, et al.,

18                   Plaintiffs,

19          v.

20   CASTLE ROCK ENTERTAINMENT, et al.,

21                   Defendants

22   LISA SIMONE KELLY,

23                   Plaintiff,

24          v.

25   WALLY ROKER, et al.,

26                   Defendants

27

28   ORDER RE: FURTHER BRIEFING
     ON THE ISSUE OF JURISDICTION

These three related cases were referred to the undersigned Magistrate Judge for a report and recommendation on the pending motions for default judgment.  The Court held a hearing and took the motions under submission.  After further review of the pleadings, however, the Court has concerns about the possible lack of subject matter jurisdiction over the claims asserted by the Estate of Nina Simone ("the Simone Estate") in the *Kelly v. Roker* action and its counterclaims in the *Brown v. Stroud* action.  In light of the fundamental, threshold nature of the jurisdictional issue, the Simone Estate is ordered to submit further briefing addressing these concerns as set forth below.

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Furthermore, federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).  District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant

1  parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Challenges to

2  diversity jurisdiction are measured against the state of facts that existed at the time the

3  action was filed.  *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

4  **A.   *Kelly v. Roker***

5       On December 2, 2011, Lisa Simone Kelly ("Kelly"), as the duly appointed

6  administrator of the Simone Estate, commenced this action against Andrew Stroud, Andy

7  Stroud, Inc. ("ASI"), and Wally Roker, individually and doing business as ICU Ent. Dist.

8  and Wally Roker Music.  Dkt. No. 1.[1]  According to the complaint, the action arises out of

9  the alleged fraudulent conveyance, disposal, and/or spoliation of the Nina Simone materials

10 subject to the pending *Brown v. Stroud* litigation.  *Id.* at 3.  The complaint asserts state law

11 claims for conversion, accounting, and fraudulent transfer under Cal. Civ. Code § 3439.04,

12 and a claim for declaratory relief under 28 U.S.C. § 2201.  *Id.* at 10-15.  The complaint

13 further asserts that the Court has jurisdiction over the subject matter of the action pursuant

14 based on diversity, 28 U.S.C. § 1332.  *Id.* at 3.  The complaint alleges that Kelly is "an

15 individual who resides in Florida"; Wally Roker is a citizen of California; ICU Ent. Dist.

16 and Wally Roker Music are Roker's business designees; Andrew Stroud is a citizen of New

17 York; and "ASI is a corporation organized under the laws of the State of New York."  *Id.* at

18 1-2.

19       ASI counterclaimed against Kelly, in her capacity as the duly appointed

20 administrator of the Simone Estate, asserting claims for declaratory judgment, copyright

21 infringement, vicarious copyright infringement, contributory copyright infringement, and

22 copyright infringement under California law.  Dkt. No. 11 at 11, 16-23.  ASI asserts that

23 "jurisdiction is proper because the counterclaims form part of the same case or controversy

24 as the original claim and therefore falls within the supplemental jurisdiction of this Court

25 under section 1367 of Title 28 of the United States Code."  *Id.* at 11.  ASI's counterclaims

26 repeat the same allegations as to the citizenship of ASI and Kelly stated in the Simone

27

28 _____

[1] Unless otherwise indicated, all references to docket numbers in this section are to the docket in the case *Lisa Simone Kelly v. Wally Roker et al.*, No. 11-cv-05822 JSW.

ORDER RE: FURTHER BRIEFING
ON THE ISSUE OF JURISDICTION                    3

1    Estate's complaint.  *Id.*

2    With the exception of the declaratory relief claim, all other claims asserted in the

3    Simone Estate's complaint are based on state law.  It is well established that the Declaratory

4    Judgment Act, 28 U.S.C. § 2201, is not an independent basis for federal jurisdiction.  *Skelly*

5    *Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *N. Cnty. Commc'ns Corp. v.*

6    *California Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010).  The Simone Estate does

7    not contend otherwise, asserting instead that this Court has subject matter jurisdiction over

8    the complaint based on diversity.  However, the complaint does not contain sufficient

9    allegations to establish the citizenship of the relevant parties for diversity purposes.

10   The allegation that Kelly is "an individual who resides in Florida," Dkt. No. 1 at 1, is

11   inadequate for two reasons.  First, allegations of residence are insufficient for purposes of

12   establishing jurisdiction under 28 U.S.C. § 1332, which requires an analysis of citizenship.

13   *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's

14   state citizenship is then determined by her state of domicile, not her state of residence.  A

15   person's domicile is her permanent home, where she resides with the intention to remain or

16   to which she intends to return."); *Quinn v. McGraw-Hill Companies, Inc.*, 168 F.3d 331,

17   334 n.1 (7th Cir. 1999).  Second, and more fundamentally, it is the citizenship of the person

18   or entity on whose behalf the action is maintained (here, the Simone Estate) that controls

19   for diversity purposes.  28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of

20   a decedent shall be deemed to be a citizen only of the same State as the decedent."); *see*

21   *also Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) ("[T]he federal diversity

22   statute treats 'the legal representative' of a decedent's estate (or the estate of an infant or an

23   incompetent) as a citizen of the same state as the decedent.").  The complaint here fails to

24   allege the citizenship of the decedent, Nina Simone.

25   Furthermore, the Supreme Court has held that "[i]n order to be a citizen of a State

26   within the meaning of the diversity statute, a natural person must both be a citizen of the

27   United States *and* be domiciled within the State."  *Newman-Green, Inc. v. Alfonzo–*

28   *Larrain*, 490 U.S. 826, 828 (1989) (citations omitted).  Thus, an American citizen who

ORDER RE: FURTHER BRIEFING                    4
ON THE ISSUE OF JURISDICTION

1     moves abroad is not a citizen of any state for purposes of § 1332(a)(1) or an alien for the

2     purposes of § 1332(a)(2), and thus cannot sue or be sued in federal court on the basis of

3     diversity jurisdiction. *Id.*; *see also Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995);

4     *Brady Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 454-55 (7th Cir. 2009).

5        The Court also notes that the statement that "ASI is a corporation organized under

6     the laws of the State of New York," Dkt. No. 1 at 2, does not adequately allege the

7     citizenship of ASI. *See* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, "a corporation

8     shall be deemed to be a citizen of every State and foreign state by which it has been

9     incorporated *and* of the State or foreign state where it has its principal place of business")

10    (emphasis added). Thus, the mere allegation that a corporate party is incorporated in a

11    particular state, without alleging where its principal place of business is located, is

12    insufficient to establish diversity. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37

13    F.3d 363, 365 n.3 (7th Cir. 1994); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039

14    (5th Cir. 1982). This deficiency, however, is not fatal, given the allegation by Andrew

15    Stroud and ASI in their Fourth Amended Counterclaims in the related action *Brown v.*

16    *Stroud* that ASI "is a corporation formed in New York with its principal place of business

17    in New York." Case No. 08-cv-02348 JSW, Dkt. No. 297 at 2.

18        The Simone Estate's motion for default judgment does not discuss the issue of

19    subject matter jurisdiction. Dkt. No. 133. By January 15, 2014, the Simone Estate must

20    submit a supplemental brief, accompanied by any appropriate declaration, providing

21    support for its position that the Court has subject matter jurisdiction over this action based

22    on diversity, and, if complete diversity is not present, explaining whether a different source

23    of subject matter jurisdiction exists. Any other party may file a brief limited to the issues

24    raised in this order within 7 days of filing of the Simone Estate's brief.

25 **B.**    ***Brown v. Stroud***

26        On May 7, 2008, Steven Ames Brown ("Brown") filed a complaint against Andrew

27    Stroud and Stroud Productions and Enterprises, Inc. ("SPE") in this Court. Dkt. No. 1.[2]

28

---

[2] Unless otherwise indicated, all references to docket numbers in this section are to the docket in the

Brown's First Amended Complaint asserts causes of action for declaratory relief and common law copyright infringement. Dkt. No. 35 at 4-5. The complaint states that "[t]he jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332" and that the action "also arises under the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202." *Id.* at 1. Brown alleges that he is a citizen of California and that defendants Andrew Stroud and SPE are citizens of New York. *Id.*

Andrew Stroud and ASI counterclaimed against Brown and the Estate of Nina Simone for declaratory judgment, copyright infringement, vicarious copyright infringement, contributory copyright infringement, violation of the Digital Millennium Copyright Act, and copyright infringement under California law. Dkt. No. 297 at 6-7. The counterclaims state that "jurisdiction is proper because the claims set out in this pleading form part of the same case or controversy as the original claim over which the Court has original jurisdiction and, therefore, falls within the supplemental jurisdiction of the Court under section 1367 of Title 28 of the United States Code." *Id.* at 2. The counterclaims further allege that Andrew Stroud is a resident of New York; SPE "was a corporation formed in New York with its principal place of business in New York"; ASI "is a corporation formed in New York with its principal place of business in New York"; Brown "is a resident of the State of California"; and "[t]he Estate of Nina Simone is administered in the State of California." *Id.*

Brown filed reply counterclaims against Andrew Stroud and SPE for declaratory judgment, unfair competition under California Business & Professions Code § 17200 *et seq.*, and relief under the All Writs Act, 28 U.S.C. § 1651. Dkt. No. 82 at 11-13. The claim for declaratory judgment is also asserted against Sony Music Entertainment ("Sony Music"). Dkt. No. 82 at 11. Brown's reply counterclaims state that "[t]he jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332" and that the action "also arises under the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202 and the All Writs Act 28 U.S.C. § 1651." *Id.* at 7. Brown claims that jurisdiction is also proper "because the claims

1   set out below are part of the same case or controversy that is raised in Defendant's

2   *Counterclaims*, and, therefore, jurisdiction is invoked pursuant to 28 U.S.C. § 1367." *Id.*

3   Brown alleges that he is a citizen of California; Andrew Stroud is a citizen of New York;

4   and Sony Music is a citizen of Delaware. *Id.*

5       The Simone Estate also counterclaimed.  In its First Amended Counterclaims, Dkt.

6   No. 263, the Simone Estate, "by its duly appointed administrator Lisa Simone Kelly,"

7   asserts claims for declaratory judgment, conversion, replevin, and accounting.  Dkt. No.

8   263 at 12-23.  The counterclaims state that "[t]his Court has jurisdiction over the subject

9   matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 and principles of

10  supplemental jurisdiction." *Id.* at 2.  The counterclaims further assert that "[t]he claims

11  herein arise under §§106, 201, and 501 of the Copyright Act (17 U.S.C. §§ 106, 201, 501),

12  the Federal Declaratory Judgment Act 28 U.S.C., §§ 2201, 2202, and the common law,"

13  and that "[j]urisdiction is also proper because the claims set out below are part of the same

14  case or controversy that is raised in Stroud's SACC, pursuant to 28 U.S.C. §1367." *Id.*

15  The Simone Estate alleges that it "is an estate which is administered in the State of

16  California." *Id.*

17      Because the Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent

18  basis for federal jurisdiction, Brown's First Amended Complaint contains only state law

19  claims and thus can only support the exercise of subject matter jurisdiction based on

20  diversity.  The same is true with respect to Brown's reply counterclaims because the All

21  Writs Act, 28 U.S.C. § 1651, is also not a separate claim for relief.  *See* Dkt. No. 251 at 18-

22  19; *Lights of America, Inc. v United States District Court*, 130 F. 3d 1369, 1370 (9th Cir.

23  1997) (courts must possess an independent source of jurisdiction before entertaining a

24  request for a writ).

25      To the extent the Simone Estate contends that this Court has subject matter

26  jurisdiction over the Estate's First Amended Counterclaims based on diversity, the Simone

27  Estate has not sufficiently alleged its citizenship for the same reasons discussed above in

28  connection with the *Kelly v. Roker* case.  Furthermore, the allegation by the Simone Estate

ORDER RE: FURTHER BRIEFING          7
ON THE ISSUE OF JURISDICTION

1   that it "is an estate which is administered in the State of California" is inconsistent with its

2   jurisdictional allegations in the *Kelly v. Roker* case which were premised on the residence

3   of the administrator of the Simone Estate.  Again, the issue of subject matter jurisdiction is

4   not addressed in either the Simone Estate's or Brown's motion for default judgment.  Dkt.

5   Nos. 522, 530.

6       By January 15, 2014, the Simone Estate must submit a supplemental brief,

7   accompanied by any appropriate declaration, providing support for its position that this

8   Court has subject matter jurisdiction over the Simone Estate's counterclaims based on

9   diversity, and, if complete diversity is not present, explaining whether a different source of

10  subject matter jurisdiction exists and on what specific basis.  Any other party may file a

11  brief limited to the issues raised in this order within 7 days of filing of the Simone Estate's

12  brief.

13      The Simone Estate must serve a copy of this order and the Simone Estate's response

14  on the parties in default, and must file a proof of service with the Court.

15      The Court will defer ruling on the default judgment motions until these jurisdictional

16  issues are resolved.

17      IT IS SO ORDERED.

18  Date: December 18, 2013

                                                            _____

19                                                  Nathanael M. Cousins
                                                United States Magistrate Judge

20

21

22

23

24

25

26

27

28

ORDER RE: FURTHER BRIEFING
ON THE ISSUE OF JURISDICTION

                                                  8