# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN AMES BROWN, and others,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDREW B. STROUD, and others,<br><br>    Defendants | No. 08-cv-02348 JSW (NC)<br>No. 09-cv-03796 JSW (NC)<br>No. 11-cv-05822 JSW (NC)<br><br>**ORDER SETTING HEARING ON THE ISSUE OF DIVERSITY JURISDICTION** |
| ANDREW B. STROUD, and others,<br><br>    Plaintiffs,<br><br>    v.<br><br>CASTLE ROCK ENTERTAINMENT, and others,<br><br>    Defendants | |
| LISA SIMONE KELLY,<br><br>    Plaintiff,<br>    v.<br><br>WALLY ROKER, and others,<br><br>    Defendants | |

ORDER SETTING HEARING
RE: DIVERSITY JURISDICTION

The undersigned Magistrate Judge previously ordered the Simone Estate to submit further briefing addressing the issue of subject matter jurisdiction in the *Kelly v. Roker* action. Dkt. No. 191.[1] The Simone Estate filed a further brief, asserting that its claims in *Kelly v. Roker* "are grounded in the Copyright Act and diversity as against Defendants Andrew B. Stroud and Andy Stroud, Inc. ("ASI")." Dkt. No. 192 at 5:8-10, 9:13-14:5.

After reviewing the Simone Estate's further brief and supporting declarations, the undersigned is not convinced by the argument that there is federal question jurisdiction in the *Kelly v. Roker* case. Additionally, the undersigned is not convinced that the Simone Estate has provided sufficient evidence in support of its contention that Nina Simone was a domiciliary and therefore a "citizen" of California at the time of her death. To allow the Simone Estate to provide additional evidence and argument on the issue of domicile, the undersigned will hold an evidentiary hearing on April 16, 2014 at 1:00 p.m. Any further written submissions on this issue must be filed with the Court by April 9, 2014. Additionally, at the hearing on April 16, the Simone Estate should be prepared to address its contention that the Court should dismiss Wally Roker as a dispensable party to cure the lack of diversity between the Simone Estate and Roker and continue to judgment pursuant to diversity jurisdiction against Andrew B. Stroud and ASI.

The undersigned notes that on December 19, 2013, District Court Judge Jeffrey S. White issued an order revoking the pro hac vice status of W. Charles Robinson, counsel for Scarlett Paradies-Stroud as the administrator of the Estate of Andrew B. Stroud ("Stroud Estate"), ASI, and Stroud Productions and Enterprises, Inc. *Methven & Assocs. Prof. Corp. v. Scarlett Paradies-Stroud, and others*, No. 13-cv-01079 JSW, Dkt. No. 86. Thus, to the extent that the Stroud Estate and ASI wish to present evidence or argument on the issue of diversity jurisdiction in *Kelly v. Roker*, they may not do so through Mr. Robinson.

The undersigned plans to proceed with issuing a report and recommendation on the default judgment motions in the *Brown v. Stroud* and *Stroud v. Castle Rock* cases without

---

[1] Unless otherwise indicated, all references to docket numbers in this order are to the docket in the case *Lisa Simone Kelly v. Wally Roker, and others*, No. 11-cv-05822 JSW.

ORDER SETTING HEARING
RE: DIVERSITY JURISDICTION
2

awaiting resolution of the jurisdictional issues in *Kelly v. Roker*.

IT IS SO ORDERED.

Date: March 24, 2014

Nathanael M. Cousins
United States Magistrate Judge