IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN AMES BROWN, et al.,

    Plaintiffs,

v.

ANDREW B. STROUD, et al.,

    Defendants

                                       /

No.  C 08-02348 JSW

**ORDER REGARDING MOTION TO AMEND JUDGMENT**

Now before the Court is the motion to amend judgment filed by the Estate of Nina Simone ("Simone Estate").  The Court determines that this matter is appropriate for disposition without oral argument and is deemed submitted.  *See* Civ. L.R. 7-1(b).  Accordingly, the hearing set for October 31, 2014 is HEREBY VACATED.  The Simone Estate seeks to amend the judgment against Scarlett P. Stroud ("Ms. Stroud") as the representative for the Estate of Andrew B. Stroud Estate ("Stroud Estate") and Stroud Productions and Enterprises, Inc. ("SPE") to include Andy Stroud, Inc. ("ASI"), to include an award of monetary damages, and to amend the caption and street address of the Simone Estate.

Pursuant to Federal Rule of Civil Procedure 69(a), district courts are authorized to amend a judgment to add additional judgment debtors in accordance with California Code of Civil Procedure section 187.  *See In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999); *Cigna Property & Cas. Ins. Co. v. Polaris Pictures, Corp.*, 159 F.3d 412, 421 (9th Cir. 1998).  "To amend a judgment under § 187, two requirements must usually be met: "(1) that the new party

be the alter ego of the old party *and* (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." *In re Levander*, 180 F.3d at 1121 (citing *Triplett v. Farmers Ins. Exchange,* 24 Cal. App. 4th 1415, 1421 (1994)) (emphasis in original). The judgment creditor bears the burden to satisfy both requirements by a preponderance of evidence. *See Wollersheim v. Church of Scientology*, 69 Cal. App. 4th 1012, 1017-18 (1999).

"Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). Under California law, a corporate identity may be disregarded "where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for the actions of the corporation. . . . Under the alter ego doctrine, then, when the corporate form is used to penetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation. . . ." *Id*. (citations omitted). As explained by the court in *Sonora Diamond*, "[t]he alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds." *Id*.

To invoke the alter ego doctrine, the Simone Estate must show: (1) that there is such a unity of interest and ownership that the separate personalities of the Stroud Estate and ASI no longer exist; and (2) that if the acts are treated as those of only the Stroud Estate, an inequitable result will follow. *See Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002); *see also Sonora Diamond*, 83 Cal. App. 4th at 538 ("In California, two conditions must be met before the alter ego doctrine will be invoked. First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."). "Among the factors to be considered in applying the doctrine are

commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971). Conclusory allegations of alter ego status are insufficient. *See Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983).

Additionally, due process requires that a party added to a judgment had "control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved." *NEC Elecs. Inc. v. Hurt*, 208 Cal. App. 3d 772, 781 (1989). As a general matter, "[c]ontrol of the litigation sufficient to overcome due process objections may consist of a combination of factors, usually including the financing of the litigation, the hiring of attorneys, and control over the course of the litigation." *Id*. In addition to control over the litigation, the party sought to be added must have had occasion to conduct the litigation "with a diligence corresponding to the risk of personal liability that was involved." *Id*. at 778-79. Moreover, courts have considered an important factor whether the proposed new defendant had a duty to appear and defend herself in the earlier litigation. *Id.* at 778 (citing *Motores De Mexicali v. Superior Court*, 51 Cal. 2d 172, 331 (1958); *Katzir's Floor & Home Design, Inc. v. M-MLS.com,* 394 F.3d 1143, 1150 (9th Cir. 2004) (defendant was improperly added post-judgment in part because he had "no personal duty to defend the underlying lawsuit.")).

Here, the Simone Estate has not made a sufficient showing of either that ASI is the alter ego of the Stroud Estate or that ASI had control over the litigation in this action. The only evidence the Simone Estate cites to in an effort to demonstrate alter ego is a document showing that Mr. Stroud transferred all assets of his Nina Simone archives to ASI in 2004 and that ASI did not object to Mr. Roker's failure to pay ASI for the conveyance of the Nina Simone archives from ASI to Mr. Roker. Although this evidence may demonstrate some bad faith, but it is insufficient to demonstrate that ASI is or was the alter ego of Mr. Stroud.

In order to demonstrate ASI had control over the litigation in this action, sufficient to satisfy due process concerns, the Simone Estate argues that ASI was a co-plaintiff in a New

3

1 York case in which the same counterclaims Mr. Stroud and ASI filed in this case were asserted
2 in the New York case and the same attorneys represented both parties in both actions. Such
3 evidence is not sufficient to demonstrate that ASI had control over the litigation in this action,
4 including control over the defense of the claims that were not asserted against ASI. Therefore,
5 the Court DENIES the motion to amend to add ASI as a judgment debtor. However, in light of
6 the evidence that ASI was listed as owning the copyright over a Nina Simone recording offered
7 for sale on Amazon after the Court issued judgment in this case (*see* Declaration of Steven
8 Ames Brown, ¶ 15, Ex. 5), this Order is without prejudice to the Simone Estate moving again to
9 add ASI as a judgment debtor with more supporting evidence.

10 Next, the Simone Estate seeks to amend the judgment to receive an award of monetary
11 damages. The Simone Estate requested in its motion for default judgment, and Magistrate
12 Judge Nathanael M. Cousins recommended, that the Court retain jurisdiction to amend
13 judgment to award compensatory damages in the event that the Stroud Defendants fail to
14 produce the Nina Simone Materials as required by the judgment. The Simone Estate has
15 provided proof of damages, but it has not stated that it is relinquishing its right to obtain
16 physical possession of the Nina Simone Materials, or that it would return the compensatory
17 damages it recovers in the event that they obtain physical possession of the Nina Simone
18 materials. The Nina Simone Estate cannot recover the physical possession of the Nina Simone
19 materials *and* monetary damages incurred due to the lack of physical possession. Therefore, the
20 Court RESERVES RULING on this portion of the motion to amend and Court DIRECTS the
21 Simone Estate to clarify in writing by no later than November 14, 2014, whether it is
22 relinquishing the right to obtain physical possession of any Nina Simone recordings for which it
23 is awarded monetary damages. If the Simone Estate is not relinquishing any rights, the Simone
24 Estate shall provide authority in support of its request for double recovery.
25 ///
26 ///
27 ///
28

4

With respect to the Simone Estate's request to amend judgment to reflect the accurate representative of the Simone Estate and address of the Simone Estate's counsel, the motion is GRANTED.

**IT IS SO ORDERED.**

Dated: October 21, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE