JEFFREY G. KNOWLES (State Bar No. 129754)
JULIA D. GREER (State Bar No. 200479)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-jgk@cpdb.com
ef-jdg@cpdb.com

Attorneys for Counter-defendant
SONY MUSIC ENTERTAINMENT,
erroneously sued as SONY MUSIC HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN AMES BROWN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW B. STROUD, an individual, et al.<br><br>Defendant. | Case Nos. CV 08-02348 JSW<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO MAINTAIN SETTLEMENT CONFERENCE TRANSCRIPT UNDER SEAL; DECLARATION OF JULIA D. GREER**<br><br>Date action filed: May 7, 2008<br>Trial Date: None |
| METHVEN & ASSOCIATES PROFESSIONAL CORPORATION<br><br>v.<br><br>SCARLETT PARADIES-STROUD as administrator of the ESTATE OF ANDREW B. STROUD; ANDY STROUD, INC.; STROUD PRODUCTIONS AND ENTERPRISES, INC., LISA SIMONE KELLY as administrator of the ESTATE OF NINA SIMONE; WALLY ROKER d/b/a ICU ENT. DIST. d/b/a WALLY ROKER MUSIC; STEVEN AMES BROWN; CASTLE ROCK ENTERTAINMENT; WARNER BROS. ENTERTAINMENT, INC.; WARNER BROS. INDEPENDENT PICTURES; SONY MUSIC ENTERTAINMENT, INC.,<br><br>Defendants in Interpleader. | Case No.: C 13-01079 JSW |

On October 14, 2014, a settlement conference was held before the Honorable Maria Elena-James, Magistrate Judge for the United States District Court, Northern District of California in the above-referenced matters. Attending were representatives of and counsel for parties Steven Ames Brown, Sony Music Entertainment, and the Estate of Nina Simone. At the close of the conference, the parties placed on the record the terms of a confidential settlement agreement.

Good cause exists for maintaining as confidential the transcript of this proceeding, as it is a recitation of the terms of a confidential settlement agreement. The parties agreed on the record that the terms would be maintained as confidential. (Transcript at 09:25-10:02.) In California, a strong public policy favors the settlement of lawsuits, and maintaining the confidentiality of settlement terms is recognized as a valuable tool in facilitating settlements. *Cho v. Superior Court*, 39 Cal. App. 4th 113, 124-25 (2d App Dist. 1995) (cited with approval by *County of Los Angeles v. U.S. Dist. Ct. (In re county of Los Angeles)*, 223 F.3d 990, 994 (9th Cir. 2000); *Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1076-77 (6th App. Dist. 1990).

Accordingly, only the following counsel of record should have access to the transcript and/or FTR proceeding (Recording #FTR: 4:06-4:19.): (1) Steven Ames Brown; (2) Coblentz, Patch, Duffy & Bass LLP; and 3) Shukat Arrow Hafer Weber & Herbsman, LLP.

RESPECTFULLY SUBMITTED,

DATED: October 23, 2014         COBLENTZ PATCH DUFFY & BASS LLP

By: _____
Julia D. Greer
Attorneys for Defendant/Counter-defendant
SONY MUSIC ENTERTAINMENT, erroneously
sued as SONY MUSIC HOLDINGS, INC.

## DECLARATION OF JULIA D. GREER

I, Julia D. Greer, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a member of Coblentz, Patch, Duffy & Bass LLP, attorneys of record for Defendant/Reply Counter Defendant Sony Music Entertainment ("Sony Music") in these matters. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. I attended the Settlement Conference in the above-referenced matters that took place on October 14, 2014, before the Honorable Maria Elena-James, Magistrate Judge for the United States District Court, Northern District of California. Also attending were representatives of and counsel for parties Steven Ames Brown and the Estate of Nina Simone. At the close of the conference, the parties placed on the record the terms of a confidential settlement agreement.

3. The parties agreed on the record that the terms would be maintained as confidential. (Transcript at 09:25-10:02.)

4. Because the parties had stated on the record their agreement that the terms of the settlement agreement would be kept confidential, I believed that the transcript of the settlement conference would be maintained as confidential until 21 days following a Notice of Intent to Request Redaction of Transcript, which I filed today. In response to my filing, however, I received a communication from Debra J. Campbell, Court Reporter Supervisor of the Court, stating that I must file a motion to maintain the transcript under seal because it was in the public record. I am therefore filing this motion.

5. Pursuant to Civil L. R. 7-11, I have contacted Steven Ames Brown and counsel for the Estate of Nina Simone to ask that they stipulate to the transcript being filed under seal. Dorothy Weber, counsel for the Estate of Nina Simone, agreed. Steven Ames Brown responded first that he would "review the transcript and decide what portions are worthy of redaction." He further stated that his copy of the transcript would arrive next week and he would read it then.

6. Mr. Brown then responded further that he would only agree to stipulate "providing that it is expressly without prejudice to the right of any party to attach the transcript or to recite the material terms of the settlement in any pleading brought to enforce or interpret its terms." When I said I would agree so long as any such terms or attachment be submitted under seal, he rejected that request. Attached hereto as Exhibit A is a true and correct copy of our email string reflecting these communications, with the terms of the settlement agreement that were included in that string redacted.

7. Sony Music will suffer prejudice if the terms of the Settlement Agreement are permitted to be in the public record, even for a short time. I therefore respectfully request that the transcript be immediately placed under seal, if it is not so already, and maintained under seal, with access available only to the parties who attended the settlement conference and their counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 23, 2014 at San Francisco, California.

_____
Julia D. Greer

# EXHIBIT A

# Greer, Julia D.

**From:** Steven Ames Brown <sabrown@entertainmentlaw.com>
**Sent:** Thursday, October 23, 2014 12:34 PM
**To:** Greer, Julia D.; dorothy@musiclaw.com
**Subject:** RE: Transcript

I've told you the condition upon which I will stipulate to the sealing.  Given that I would only be likely to sue to enforce the agreement if Sony failed to honor its terms (such as

**REDACTED**

I wonder what you have in mind.

Sony only needs to worry about my suing if it defaults, and if it doesn't intend to default, this should not be an issue.

Is there something you're not telling me?

Steven

**From:** Greer, Julia D. [mailto:jgreer@coblentzlaw.com]
**Sent:** Thursday, October 23, 2014 12:28 PM
**To:** Steven Ames Brown; dorothy@musiclaw.com
**Subject:** RE: Transcript

If that's the case, so be it, but that has no bearing whatsoever on whether the Federal Court is going to place the transcript under seal.  You either agree that it should be under seal, or you don't – I'm not asking you to do anything more than that.  In the unlikely event we end up in state court fighting over this, the state court will address that issue.

**From:** Steven Ames Brown [mailto:sabrown@entertainmentlaw.com]
**Sent:** Thursday, October 23, 2014 12:24 PM
**To:** Greer, Julia D.; dorothy@musiclaw.com
**Subject:** RE: Transcript

No, if one of us has to sue in state court, there is no confidentiality; it's gone.  You cannot get a protective order to seal a complaint because it contains the terms of a settlement.

**From:** Greer, Julia D. [mailto:jgreer@coblentzlaw.com]
**Sent:** Thursday, October 23, 2014 12:21 PM
**To:** Steven Ames Brown; dorothy@musiclaw.com
**Subject:** RE: Transcript

I don't have a problem with that so long as, if the terms of the agreement are filed with the court or attached, they are submitted under seal.

**From:** Steven Ames Brown [mailto:sabrown@entertainmentlaw.com]
**Sent:** Thursday, October 23, 2014 12:17 PM
**To:** Greer, Julia D.; dorothy@musiclaw.com
**Subject:** RE: Transcript

1

I will stipulate to confidentiality, providing that it is expressly without prejudice to the right of any party to attach the transcript or to recite the material terms of the settlement in any pleading brought to enforce or interpret its terms.

While I don't think it is likely that there will be any such proceeding, the rules are clear in state court that either the agreement has to be attached or its materials terms set forth.

If you prepare such a stipulation, I will sign it. By the way, I am leaving town at 5am tomorrow for the weekend to attend the USC Institute on Entertainment Law and will not be available to draft or respond to any pleadings during that time.

Steven

**From:** Greer, Julia D. [mailto:jgreer@coblentzlaw.com]
**Sent:** Thursday, October 23, 2014 11:15 AM
**To:** Steven Ames Brown; dorothy@musiclaw.com
**Subject:** RE: Transcript

If you don't agree tell me now, because I'm filing a motion with the Court today. I'll convey your position to the court.

**From:** Steven Ames Brown [mailto:sabrown@entertainmentlaw.com]
**Sent:** Thursday, October 23, 2014 11:12 AM
**To:** Greer, Julia D.; dorothy@musiclaw.com
**Subject:** RE: Transcript

I will review the transcript and decide what portions are worthy of redaction. My copy will arrive next week and I'll read it then.

**From:** Greer, Julia D. [mailto:jgreer@coblentzlaw.com]
**Sent:** Thursday, October 23, 2014 11:10 AM
**To:** Steven Ames Brown; dorothy@musiclaw.com
**Subject:** Transcript

Hi folks –
We agreed at the settlement conference that the settlement terms would be confidential – I need to submit a misc. motion to the court to request the transcript be kept under seal. Can I tell the court you all stipulate?
Thanks-
J

Julie Greer
**Coblentz Patch Duffy & Bass LLP**
One Ferry Building, Suite 200
San Francisco, CA 94111
415-772-5784 | Office 415-391-4800
jgreer@coblentzlaw.com
www.coblentzlaw.com

This transmittal is intended solely for use by its addressee, and may contain confidential or legally privileged information. If you receive this transmittal in error, please email a reply to the sender and delete the transmittal and any attachments.