United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN AMES BROWN, et al.,

    Plaintiffs,

    v.

ANDREW B. STROUD, et al.,

    Defendants.

                                                  No. C 08-02348 JSW

**ORDER AMENDING JUDGMENT**

Now before the Court is the Motion to Amend Judgment, filed by the Estate of Nina Simone ("Simone Estate"). On October 21, 2014, the Court denied the Simone Estate's motion to amend to add Andy Stroud, Inc. ("ASI") as a judgment debtor, reserved ruling on the Simone Estate's request to amend the judgment to receive an award of monetary damages, and granted the Simone Estate's request to amend the judgment to reflect the accurate representative of the Simone Estate and address of the Simone Estate's counsel. (ECF No. 642.) In that Order, the Court invited the Simone Estate to move again to add ASI as a judgment debtor with more supporting evidence, and directed the Simone Estate to clarify whether it was relinquishing its rights to physical possession of any Nina Simone recordings for which it was awarded monetary damages. (*Id.* at 4.)

In its response to the Court's Order, the Simone Estate does not address the issue of adding ASI as a judgment debtor, and does not provide any further evidence in support. The Court's ruling on this issue is therefore unchanged.

However, with respect to the Court's Order that the Simone Estate clarify its position regarding its rights to physical possession of any Nina Simone recordings for which it was awarded monetary damages, the Simone Estate has clarified that it does not seek double recovery.

The Simone Estate first proposes the following language be added to the judgment:

> Should physical possession of any of the following boxes of Nina Simone original audio recordings identified in the September 11, 2005 appraisal from ICU Ent. Dist. (Document 626-1) be delivered by any of the Stroud Parties to the Simone Estate (1-9, 11-15, 30-33, 36A, 36B, 37-48, 50, 51, 51A, 52-55, 61-63, 65-79, 82, 85 or 86), the damages owing by the Stroud Parties to the Simone Estate hereunder shall be credited at the rate of $1,875,000.00 for each such identified box of recordings, first to any outstanding accrued interest and next to any outstanding principal. Should the cumulative credits for such returned original recordings exceed the outstanding unpaid accrued interest and principal, the excess shall be paid by the Estate to the Stroud Party making such tender.

(ECF No. 655 at 3.) The Court finds that this solution would be unworkable. The Simone Estate has proposed no mechanism by which the Court could enforce such a judgment.

The Simone Estate next proposes that, if the Court refuses to include the above language, that instead the Court should include the following language in the amended judgment:

> The Nina Simone Materials which the Stroud Parties are required to deliver to the Simone Estate hereunder shall not include those boxes of Nina Simone original audio recordings identified in the September 11, 2005 appraisal from ICU Ent. Dist. (Document 626-1) as 1-9, 11-15, 30-33, 36A, 36B, 37-48, 50, 51, 51A, 52-55, 61-63, 65-79, 82, 85 or 86.

(*Id.* at 3-4.) The Court finds that this is the appropriate solution. Accordingly, the Court ORDERS that the judgment shall be amended to reflect that the Simone Estate is awarded monetary damages against the Stroud Parties, jointly and severally, in lieu of physical possession of the boxes of Nina Simone recordings set forth above, in the amount of $1,875,000.00 per box.

**IT IS SO ORDERED.**

Dated: December 19, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE