1  JEFFREY G. KNOWLES (State Bar No. 129754)
   JULIA D. GREER (State Bar No. 200479)
2  MARTIN WHITE (State Bar No. 253476)
   COBLENTZ PATCH DUFFY & BASS LLP
3  One Ferry Building, Suite 200
   San Francisco, California  94111-4213
4  Telephone:  415.391.4800
   Facsimile:  415.989.1663
5  Email:   ef-jgk@cpdb.com
            ef-jdg@cpdb.com
6           ef-mdw@cpdb.com

7  Attorneys for Defendant/Reply-Counter-
   Defendant/ Crossclaimant/Counterclaimant
8  SONY MUSIC ENTERTAINMENT,
   erroneously sued as SONY MUSIC HOLDINGS,
9  INC.

10              **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12  STEVEN AMES BROWN, | Case No.:  CV 08-02348 JSW |
| 13           Plaintiff, | **SONY MUSIC ENTERTAINMENT'S ADMINISTRATIVE MOTION TO** |
| 14        v. | **FILE CERTAIN PORTIONS OF ITS COUNTERCLAIM AND** |
| 15  ANDREW B. STROUD, an individual, et al. | **CROSSCLAIMS UNDER SEAL** |
| 16           Defendant, | Date action filed:  May 7, 2008 |
| 17  And related Cross and Counterclaims. | Trial Date:        None |
| 18  METHVEN & ASSOCIATES PROFESSIONAL CORPORATION | Case No.:  C 13-01079 JSW |
| 19        v. | Date action filed:  March 8, 2013 Trial Date:        None |
| 20  SCARLETT PARADIES-STROUD as administrator of the ESTATE OF ANDREW | |
| 21  B. STROUD; ANDY STROUD, INC.; STROUD PRODUCTIONS AND | |
| 22  ENTERPRISES, INC., LISA SIMONE KELLY as administrator of the ESTATE OF | |
| 23  NINA SIMONE; WALLY ROKER d/b/a ICU ENT. DIST. d/b/a WALLY ROKER MUSIC; | |
| 24  STEVEN AMES BROWN; CASTLE ROCK ENTERTAINMENT; WARNER BROS. | |
| 25  ENTERTAINMENT, INC.; WARNER BROS. INDEPENDENT PICTURES; SONY MUSIC | |
| 26  ENTERTAINMENT, INC., | |
| 27           Defendants in Interpleader, | |
|    And related Cross-claims. | |
| 28 | |

**SONY MUSIC ENTERTAINMENT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

Pursuant to Northern District of California Civil Local Rules 79-5(d) and 7-11, defendant, reply-counter-defendant, counterclaimant, and crossclaimant Sony Music Entertainment ("Sony Music"), erroneously sued herein as Sony Music Entertainment, Inc., hereby moves the Court to issue an administrative order that orders sealing of certain paragraphs, portions of paragraphs, and an exhibit attached to Sony Music's counterclaim and crossclaim in *Brown v. Stroud*, 3:08-cv-02348-JSW (N.D. Cal. 2008) (the "*Brown v. Stroud* Action") and its crossclaim in *Methven & Assocs. Prof'l Corp. v. Scarlett Paradies-Stroud as administrator of the Estate of Andrew B. Stroud, et al.*, 13-01079 JSW (N.D. Cal. 2013) (the "*Methven* Interpleader Action"). Specifically, Sony Music requests that the Court seal:

| Counterclaim and Crossclaim in *Brown v. Stroud* Action (Case No. CV 08-02348 JSW) | Crossclaim in *Methven* Interpleader Action (Case No. C 13-01079 JSW) |
|---|---|
| Paragraph 42 | Paragraph 46 |
| Portions of Paragraph 43 | Portions of Paragraph 47 |
| Portions of Paragraph 44 | Portions of Paragraph 48 |
| Portions of Paragraph 45 | Portions of Paragraph 49 |
| Portions of Paragraph 46 | Portions of Paragraph 50 |
| Paragraphs 49-54 | Paragraphs 53-58 |
| Paragraphs 56-59 | Paragraphs 60-63 |
| Paragraph 62 | Paragraph 66 |
| Portions of Paragraph 63 | Portions of Paragraph 67 |
| Paragraphs 68-69 | Paragraphs 72-73 |
| Paragraphs 72-73 | Paragraphs 76-77 |
| Paragraph 77 | Paragraph 81 |
| Paragraph 80 | Paragraph 84 |
| Exhibit A | Exhibit A |

The material referenced above relates to the parties' settlement negotiations at a settlement conference before the Honorable Maria Elena-James, Magistrate Judge for the United States

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

CV 08-02348 JSW; C 13-01079 JSW
**SONY MUSIC ENTERTAINMENT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

1  District Court, Northern District of California on October 14, 2014.  At the close of the

2  conference, the parties placed on the record the terms of a confidential settlement agreement.  On

3  October 24, 2014, Magistrate Judge Elena-James ordered that the transcript of those proceedings

4  "be filed and maintained UNDER SEAL" and further ordered that only the parties' counsel of

5  record could have access to the transcript in both the *Brown v. Stroud* Action and *Methven*

6  Interpleader Action.  (Dkt. Nos. 165; 646.)

7       The portions of Sony Music's counterclaim and crossclaim in the *Brown v. Stroud* Action

8  and crossclaim in the *Methven* Interpleader Action that Sony Music requests be sealed refer to the

9  confidential settlement reached on the record at the parties' October 14, 2014, which Magistrate

10  Judge Elena-James previously ordered sealed, and the transcript itself, which is attached as Exhibit

11  A to Sony Music's crossclaim.  This information is "sealable" under Northern District Civil Local

12  Rule 79-5(b) because Magistrate Judge Elena-James has already ordered the transcript sealed, the

13  information relates to a confidential settlement agreement, some of the information is

14  competitively sensitive, and because Sony Music has carefully redacted only very specific

15  portions of its crossclaim that it believes to be sealable.

16                              **BACKGROUND**

17       The above-captioned cases have been actively litigated for years.  On October 14, 2014,

18  Sony Music, defendant and crossdefendant the Estate of Nina Simone by its duly authorized

19  administrator San Pasqual Fiduciary Trust (the "Simone Estate"), and defendant and

20  crossdefendant Steven Ames Brown ("Brown") participated in a settlement conference before the

21  Honorable Maria Elena-James, Magistrate Judge for the United States District Court, Northern

22  District of California in the hopes that the parties could resolve their portion of this long-

23  simmering dispute.

24       At the conclusion of the October 14, 2014 settlement conference, the parties entered into a

25  settlement agreement on the record, one provision of which was a stipulation that the terms of the

26  agreement be kept confidential.  On October 23, 2014, Sony Music filed an administrative motion

27  to maintain the transcript of the parties' settlement conference under seal in both the *Brown v.*

28  *Stroud* Action and the *Methven* Interpleader Action.  (Dkt. Nos. 164; 645.)  On October 24,

1   Magistrate Judge Elena-James granted that motion and ordered the parties' settlement conference

2   transcript sealed in both cases.  (Dkt. Nos. 165; 646.)

3   **ARGUMENT**

4       A party seeking to seal documents associated with a dispositive motion must demonstrate

5   "compelling reasons" to seal judicial records attached to a dispositive motion.  *Kamakana v. City*

6   *& Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006).  However, in light of a weaker public

7   interest in nondispositive materials, the "good cause" standard from Federal Rule of Civil

8   Procedure 26(c) applies when parties wish to keep them under seal.  *Pintos v. Pac. Creditors*

9   *Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

10      The Ninth Circuit has "not explicitly stated the standard – good cause or compelling

11  reasons" that applies to a crossclaim, complaint, or counterclaim.  *In re Google Inc. Gmail Litig.*,

12  No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) (referring to

13  complaints).  Examples of compelling reasons include "the use of court records for improper

14  purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements,

15  or release trade secrets."  *Kamakana*, 447 F.3d at 1179. "[S]ources of business information that

16  might harm a litigant's competitive standing" may also give rise to a compelling reason to seal.

17  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

18      Whichever standard is applicable, Sony Music's administrative motion to seal meets it for

19  four reasons.

20      *First*, Magistrate Judge Elena-James has already ordered the transcript of the parties'

21  settlement conference is sealable.  The identified paragraphs in Sony Music's crossclaim reference

22  specific portions of that transcript, and the sealed transcript itself is an exhibit to Sony Music's

23  crossclaim.  Publicly referencing and revealing the content of the sealed transcript potentially

24  exposes Sony Music to civil contempt.  *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. Centex*

25  *Homes*, No. 11-3638-SC, 2013 WL 3200607, at *2 (N.D. Cal. June 24, 2013) (considering and

26  denying motion for civil contempt brought against party for allegedly violating court's sealing

27  order).  Moreover, courts generally do not disturb prior orders regarding sealed materials.

28  *Kamakana*, 447 F.3d at 1179-1180 ("[W]hen a district court grants a protective order to seal

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

**SONY MUSIC ENTERTAINMENT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

1   documents it already has determined that 'good cause' exists to protect this information from being

2   disclosed to the public by balancing the needs for discovery against the need for confidentiality.")

3   (internal quotations omitted).

4       *Second*, Magistrate Judge Elena-James's previous order was sound.  In California, a strong

5   public policy favors the settlement of lawsuits, and maintaining the confidentiality of settlement

6   terms is recognized as a valuable tool in facilitating settlements.  *Cho v. Superior Court*, 39 Cal.

7   App. 4th 113, 124-25 (2d App Dist. 1995) (cited with approval by *County of Los Angeles v. U.S.*

8   *Dist. Ct. (In re county of Los Angeles)*, 223 F.3d 990, 994 (9th Cir. 2000); *Philippine Export &*

9   *Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1076-1077 (6th App. Dist.

10  1990)).  Magistrate Judge Elena-James properly concluded that this policy supported ordering the

11  parties' settlement transcript sealed when she ordered the parties' transcript sealed on October 24,

12  2014 in both cases.  (Dkt. Nos. 165; 646.)

13      *Third*, among the issues the parties discussed in the parties' settlement agreement was the

14  way Sony Music's awards specific royalty rates.  This is information that Sony Music takes pains

15  to keep confidential and which, if revealed, could harm Sony Music's competitive standing.

16  (Declaration of Gil Aronow at ¶¶ 5-7.)  Likewise, information relating to the amounts of money in

17  artist and producer accounts, are not only competitively sensitive, but also implicate artists'

18  privacy as well.  (Declaration of Gil Aronow at ¶ 5.)  For that reason, this information likewise

19  qualifies as sealable.  *Louisiana Pac. Corp.*, 2013 WL 3483618 at *2; *In re NCAA Student-Athlete*

20  *Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2013 WL 1997252, at *2 (N.D.

21  Cal. May 13, 2013) (sealing document that was "marked confidential," and which "reveal[ed] the

22  internal strategy and decision making process" where "disclosure could harm [the requesting

23  party's] competitive standing"); *see also Nixon*, 435 U.S. at 598 (economic harm to litigant from

24  revealing information sufficient to meet the "compelling reasons" standard).

25      *Fourth*, Sony Music has taken great pains to only redact that portion of the counterclaim

26  and crossclaim in the *Brown v. Stroud* Action and crossclaim in the *Methven* Interpleader Action

27  that it believes references the settlement transcript that Magistrate Judge Elena-James has already

28  ordered sealed, and, of course, the sealed transcript itself (which is attached as an exhibit to both

1   Sony Music's counterclaim and crossclaim in the *Brown v. Stroud* Action and to its crossclaim in

2   the *Methven* Interpleader Action).  "[R]edactions have the virtue of being limited and clear."

3   *Kamakana*, 447 F.3d at 1183.  Here, Sony Music has narrowly redacted only that information

4   which Magistrate Judge Elena-James has already concluded was sealable, no more.

5                                          **<u>CONCLUSION</u>**

6          For the foregoing reasons, Sony Music respectfully requests that the Court seal the

7   foregoing portions of Sony Music's counterclaim and crossclaim in the *Brown v. Stroud* Action

8   and Sony Music's crossclaim in the *Methven* Interpleader Action.

9   DATED: April 30, 2015                    COBLENTZ PATCH DUFFY & BASS LLP

10

11                                  By:          /s/ Julia D. Greer

12                                       Julia D. Greer
                                         Attorneys for Defendant, Reply Counter-
13                                       Defendant, and Crossclaimant SONY MUSIC
                                         ENTERTAINMENT, erroneously sued as SONY
                                         MUSIC HOLDINGS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28