UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STROUD PRODUCTIONS AND ENTERPRISES, INC., et al.,<br><br>    Defendants. | Case No. 08-cv-02348-JSW   (MEJ)<br><br>**ORDER RE: MOTION FOR LEAVE TO CONDUCT DISCOVERY**<br><br>Re: Dkt. No. 723 |
| METHVEN & ASSOCIATES PROFESSIONAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SCARLETT PARADIES-STROUD, et al.,<br><br>    Defendants. | Case No. 13-cv-01079-JSW   (MEJ)<br><br>Re: Dkt. No. 248 |

## INTRODUCTION

On July 10, 2015, Plaintiff Steven Ames Brown ("Brown") and the Estate of Nina Simone ("Simone Estate") filed a motion to conduct discovery in preparation for the upcoming settlement conference, scheduled for August 21, 2015. *Brown v. Stroud*, Case No. 08-2348, Dkt. No. 723; *Methven v. Scarlett*, Case No. 13-1079, Dkt. No. 248.[1] The Honorable Jeffrey S. White, the presiding judge in these related cases, referred this Motion to the undersigned on July 23, 2015. Dkt. No. 729. Sony Music Entertainment ("Sony Music") and the Orchard Enterprises NY, Inc. ("Orchard") jointly filed an Opposition to Plaintiff's Motion on July 24, 2015. Dkt. No. 732. Having considered the parties' arguments, the record in this case, and the relevant legal authority, the Court issues the following Order.

---

[1] For ease of reference, and in keeping with the parties' own citations, the Dkt. Nos. referenced herein, unless otherwise noted, correspond to documents in *Brown v. Stroud*, Case No. 08-2348. The same or substantially similar documents are filed in *Methven v. Scarlett*, Case No. 13-1079.

**BACKGROUND**

On October 14, 2014, Brown, the Simone Estate, and Sony Music participated in a settlement conference before the undersigned, at which time the parties reached a settlement that was placed on the record. Dkt. No. 639. Subsequently, Sony Music filed various claims against Brown and the Simone Estate. Dkt. No. 679. On May 20, 2015, Brown and the Simone Estate filed counterclaims. Dkt. No. 688. Among them are claims against Sony Music relating to certain activity by its subsidiary, Orchard, which was named as a party to these actions on May 20, 2015, and was therefore not a party to the October 14 settlement conference. *See id.* Orchard has not conducted or participated in any discovery to date, and on June 23, 2015, Judge White, upon stipulation of the parties, entered an order staying discovery and enlarging the deadline for the parties to file responsive pleadings. Dkt. No. 714.

On July 8, 2015, Judge White referred this case to the undersigned "for the purposes of conducting a further settlement conference," which the Court scheduled for August 21, 2015. Dkt. Nos. 718, 727. Brown's Motion argues that "[w]ithout damage discovery from Orchard, the prospects of a successful settlement conference would realistically be limited to the issues concerning the October 14, 2014 settlement, which did not resolve any of Claimants' claims against Orchard[.]" Mot. at 2. Brown notes that his counterclaims assert that Sony Music breached the covenant of good faith and fair dealing in their Nina Simone artist agreements by operating a wholly owned subsidiary that sells unauthorized Nina Simone recordings. Dkt. No. 688 at 6-7. He also brought infringement claims against Orchard alleging it is engaged in widespread pirating and bootlegging of Nina Simone recordings. *Id.* at 7-9. Brown asserts he is prepared "to meaningfully participate in a settlement conference with respect to the issues surrounding the October 14, 2014 settlement agreement," but also states that "[i]f the Court wishes the parties to attempt to resolve all issues and bring an end to these proceedings, Claimants and the settlement judge must have basic information relating to Orchard's exploitation of Nina Simone recordings." Mot. at 3.

In support of his Motion, Brown states in a Declaration:

> To meaningfully prepare to address the claims concerning Orchard's

> activities at a minimum, for each of the 80+ Nina Simone albums that Orchard is currently exploiting I must (a) know the identity of each licensor that purportedly granted rights to Orchard, b) have copies of the recordings, and (c) a chart . . . that identifies every Nina Simone UPC, the name of the corresponding album and any individual tracks (listing track numbers if they exist), the name and contact details for each client (licensor), the cumulative receipts broken out by albums or singles (when not sold as a bundled album), stated separately for US and ex-US, plus the amounts from such exploitation retained by Orchard for itself, paid to publishers and paid to its clients, since January 1, 2008 to present.

Brown Decl. ¶ 7, Dkt. No 723. He contends that "[w]ithout at least that information there would be no way to calculate or for the parties and Judge James to discuss damages." *Id.*

Sony Music and Orchard respond that neither "object *per se* to the Court granting leave to Brown and the Simone Estate to conduct *targeted and limited* discovery of The Orchard prior to the further settlement conference, so long as that discovery is narrowly focused on information that would, in fact, best position the parties to reach resolution at the settlement conference." Opp'n at 2. However, they note that in Brown's Motion, "the scope of discovery sought is completely undefined, and such an order potentially expose[s] The Orchard to anything and everything." *Id.* at 3. They contend that the "descriptions are so vague that it is impossible for The Orchard, or, for that matter, the Court to divine what exactly is being sought here," and argue that to the extent Brown's Declaration indicates the type of discovery he intends to request, these requests are "overreaching" and "borders on harassing." *Id.* In the alternative, they propose discovery of the following:

> 1. A list of the Nina Simone recordings that The Orchard is currently exploiting that it licensed through Andrew Stroud, Andrew Stroud, Inc., or Stroud Productions and Enterprises, Inc. (if any);
> 2. Income from exploitation of those recordings; and
> 3. Limited to the time from July 2012 to the present.

*Id.* at 4. They propose that such discovery "should be subject to the limitation that these documents be produced as they are kept in the usual course of business, and that The Orchard's production of documents be limited to responsive documents that The Orchard has in its possession, custody, or control." *Id.* (citing Fed. R. Civ. P. 34). They further request that Orchard

3

1  by provided with sufficient time to respond to such discovery and that production should be
2  subject to a stipulated protective order. *Id.*
3        Following receipt of the parties' briefing, the undersigned issued an Order moving the
4  settlement conference to September 2, 2015. Dkt. No. 733.

## ORDER

6        As an initial matter, the Court clarifies its intent and order that Orchard must attend the
7  settlement conference. Given that Orchard's presence is required, the Court agrees that Brown
8  should be able to obtain discovery from Orchard for the limited purpose of preparing for
9  settlement. Sony Music and Orchard's response indicates their agreement to produce such limited
10 discovery, and accordingly, the Court **ORDERS** Orchard to produce a list of the Nina Simone
11 recordings that it is currently exploiting that it licensed through Andrew Stroud, Andrew Stroud,
12 Inc., or Stroud Productions and Enterprises, Inc. (if any), as well as materials documenting what
13 income it receives from the exploitation of those records. This discovery is subject to Federal
14 Rule of Civil Procedure 34 and limited to materials relevant to the time period of July 2012 to the
15 present. Orchard must produce this discovery **by August 14, 2015.**
16       Otherwise, although Brown's Declaration indicates he hopes to discover other materials,
17 his Motion itself does not provide specific requests for discovery. Accordingly, in the event that
18 the discovery ordered above does not provide Brown with sufficient information for him to
19 prepare for the settlement conference, he may seek that information from Orchard via properly
20 noticed discovery requests. Such requests must be made **by August 7, 2015** to give Orchard time
21 to respond. If there are any disputes regarding those requests, the parties are ordered to comply
22 with the undersigned's Standing Order on Discovery. Additionally, if a dispute arises, the parties
23 are ordered to meet and confer by telephone or in person within one week of that dispute. All
24 discovery disputes must be filed **no later than August 26, 2015**.
25     **IT IS SO ORDERED.**
26 Dated: July 31, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4