UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AMES BROWN, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>STROUD PRODUCTIONS AND ENTERPRISES, INC., et al.,<br><br>  Defendants. | Case No. 08-cv-02348-JSW   (MEJ)<br><br>**SETTLEMENT DISCOVERY ORDER**<br><br>Re: Dkt. No. 740 |
| METHVEN & ASSOCIATES PROFESSIONAL CORPORATION,<br><br>  Plaintiff,<br><br>   v.<br><br>SCARLETT PARADIES-STROUD, et al.,<br><br>  Defendants. | Case No. 13-cv-01079-JSW   (MEJ)<br><br>Re: Dkt. No. 261 |

**BACKGROUND**

On July 17, 2015, the Honorable Jeffrey S. White, the presiding judge in the above-captioned actions, ordered the parties to attend a settlement conference with the undersigned. Dkt. No. 727.[1] The settlement conference is currently set for November 3, 2015. Dkt. No. 737. In preparation for settlement discussions, on July 10, 2015, Plaintiffs Steven Ames Brown and the Estate of Nina Simone (collectively, "Plaintiffs") filed a motion for leave to conduct discovery from recently-added Defendant Orchard Enterprises NY, Inc. ("Orchard"). Dkt. No. 723. On July

---

[1] For ease of reference, and in keeping with the parties' own citations, the Dkt. Nos. referenced herein, unless otherwise noted, correspond to documents in *Brown v. Stroud*, Case No. 08-2348. The same or substantially similar documents are filed in *Methven v. Scarlett*, Case No. 13-1079.

23, 2015, Judge White referred the motion to the undersigned, including the authority to lift the discovery stay "as needed." Dkt. No. 729. The Honorable Magistrate Judge Donna M. Ryu remains the discovery judge for all regular discovery. Dkt. No. 162.

On July 31, 2015, the undersigned permitted Plaintiffs to seek discovery from Orchard in preparation for the settlement conference, and if disputes arose, to comply with the undersigned's Standing Discovery Order. Dkt. No. 734 at 4. On August 26, 2015, the parties submitted the currently pending Joint Discovery Letter, in which Brown seeks to compel discovery from Orchard "concerning Orchard's exploitation of recorded Nina Simone performances from July 1, 2009 through the present[.]" Jt. Ltr. at 1, Dkt. No. 740. Brown specifically seeks contact information and detailed financial information about each label[2] providing Nina Simone content:

> (a) [the] identity of Orchard's licensors ("content providers") along with contact information, (b) the product code for each configuration exploited, (c) Orchard's cumulative receipts from exploitation, (d) the amounts Orchard paid to music publishers, (e) the amounts Orchard paid to its content providers[,] and [f] the amounts Orchard retained for itself, subtotaled no less than annually.

*Id.*

Orchard is willing to provide Plaintiffs with spreadsheets that summarize the information they seek, but it seeks a court order to do so and also a protective order limiting Plaintiffs' use of the information. *Id.* It has identified 116 labels to which it distributed responsive Nina Simone content during the relevant time period, but many its contracts with these labels define the information that Plaintiffs seek as "confidential." *Id.* at 2. Several of the contracts also expressly prohibit Orchard from disclosing the information "except as required by . . . court order." *Id.* at 2-3. Orchard also argues this Court should issue a protective order to (1) limit the use of the information to settlement purposes only, and (2) restrict its disclosure to only those individuals who must have access to it, absent Orchard's express written consent. *Id.* Orchard is concerned that disclosure without a protective order will "unnecessarily and unreasonably jeopardize [its] commercial relationships with music providers." *Id.* at 2. In particular, Orchard highlights

---

[2] It appears that the terms "label" and "licensor" refer to the same entity.

Brown's expressed "inten[t] to make use of the information to contact the labels, issue demand letters, and perhaps sue any and all of the labels that provide Nina Simone content to Orchard." *Id.* Plaintiffs dispute the need for a protective order, arguing they will be unable to verify Orchard's factual representations if they are prevented from discussing the information with third parties and "will have little incentive to settle if Defendant is [the] sole source of information on liability and damages." *Id.* at 4.

**ORDER**

In light of the foregoing, the Court issues the following Order:

First, as Plaintiffs do not dispute that a spreadsheet summary is adequate to address their discovery requests, the Court finds these spreadsheet summaries are an acceptable way to provide Plaintiffs with the information they seek to "meaningfully prepare for the settlement conference with respect to the[]newly alleged claims" against Orchard. Dkt. No. 723 at 1.

Second, the Court agrees with Orchard that a protective order restricting the use of the information to only settlement purposes and limiting its dissemination is proper at this time. To the extent Plaintiffs argue a protective order should not be entered so they can use the obtained discovery for non-settlement purposes, they misconstrue the undersigned's function in this dispute. The undersigned's role in this case is for settlement purposes only; Judge Ryu remains the discovery judge for all other purposes. Thus, if the case does not settle, Plaintiffs may at that time raise any disputes regarding the information obtained with Judge Ryu.

Plaintiffs also contend, however, that a protective order limits their ability to verify the accuracy of the information provided by Orchard. While Orchard states it "shares an interest [with Plaintiffs] . . . in making sure appropriate action is taken" if any of the content was not properly licensed, the Court agrees that Plaintiffs are entitled to some further verification. Jt. Ltr. at 2. Accordingly, Orchard must provide a declaration signed under penalty of perjury that, to the best of the declarant's knowledge, attests to the accuracy and completeness of the information contained in the spreadsheet. The declaration shall also describe both the source of that data and the method of extracting this information. Given that both parties are concerned about obtaining accurate information, this declaration should be sufficient for Plaintiffs and the undersigned to rely

3

on it for settlement purposes.  If Plaintiffs have a particular reason to believe that any of the information contained in the spreadsheet is inaccurate, they may raise that concern in accordance with the undersigned's Discovery Standing Order.  Otherwise, the protective order will prohibit Plaintiffs from contacting the labels or discussing the information with other third parties.

Finally, Orchard requests the Court issue an order requiring it to release the information, in compliance with its contractual obligations.  Although the Joint Letter lists the information that Plaintiffs seek, it does not contain the exact discovery requests.  *See* Jt. Ltr. at 1.  Accordingly, the parties shall meet and confer and, in accordance with this Order, thereafter submit either (1) a stipulated proposed order compelling discovery and a protective order, or (2) competing proposed orders to compel and proposed protective orders.  The proposed order(s) must be filed **by September 22, 2015** and must clearly describe the information compelled in a manner that is understandable to all persons or entities that may be affected by that Order.

**IT IS SO ORDERED.**

Dated: September 15, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge